*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0192p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

─────────────────

JOHN CARPENTER,

           *Plaintiff-Appellant*,

      *v.*

CITY OF FLINT; JACKIE POPLAR; and DAYNE WALLING,

           *Defendants-Appellees*.

No. 12-2240

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:11-cv-10304—George C. Steeh, District Judge.

Decided and Filed: July 25, 2013

Before: MOORE and GRIFFIN, Circuit Judges; SARGUS, District Judge.[*]

─────────────────

**COUNSEL**

─────────────────

**ON BRIEF:** F. Anthony Lubkin, Owosso, Michigan, for Appellant. Thomas L. Kent, CITY OF FLINT, Flint, Michigan, for Appellees City of Flint and Dayne Walling. Michael J. Gildner, SIMEN, FIGURA & PARKER, P.L.C., Flint, Michigan, for Appellee Jackie Poplar.

─────────────────

**OPINION**

─────────────────

KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant John Carpenter ("Carpenter") appeals the sua sponte dismissal with prejudice by the United States District Court for the Eastern District of Michigan of this case arising out of Carpenter's termination as the Director of Transportation for the City of Flint. During the early stages of the litigation, Carpenter's counsel violated local filing rules several times and

───────────────

[*]The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

failed to respond in a timely manner to a motion to strike portions of the complaint. After five and a half months without docket activity, the district court dismissed the case for failure to prosecute. Applying this court's four-factor test governing review of dismissals for failure to prosecute, we conclude that the district court abused its discretion when it dismissed the case with prejudice. Accordingly, we **REVERSE** the district court's judgment and **REMAND** the case for further pretrial proceedings.

## I. BACKGROUND

In January 2011, Carpenter filed a complaint in the Genesee County Circuit Court in Michigan against Defendants City of Flint, City Councilwoman Jackie Poplar, and Mayor Dayne Walling (together, "Defendants") in connection with Carpenter's termination in September 2009 from his position as the Director of Transportation for the City of Flint. R. 1-2 (Compl. ¶¶ 5, 8) (Page ID #8–9). Carpenter alleged that his termination was the result of discrimination based on age and political affiliation in violation of federal and state law. *Id.* ¶¶ 37, 43, 47, 49 (Page ID #13–16). Carpenter also brought state-law claims for breach of contract, wrongful discharge, gross negligence, defamation, and invasion of privacy. Defendants removed the case to federal court on January 25, 2011, *see* R. 1 (Notice of Removal) (Page ID #1), and subsequently filed a motion for a more definite statement and to strike. R. 4 (Defs.' Mot. for a More Definite Stmt. and to Strike) (Page ID #27). Defendants argued that the complaint failed to identify which claims were being alleged against which defendants, and that the allegations as a whole were "excessively esoteric, compound and argumentative." *Id.* at 2 (Page ID #28). The district court set February 16, 2011, as the date by which Carpenter could respond to the motion to strike. R. 8 (Request for Resp.) (Page ID #50). No response was filed by this deadline, and about five weeks after the deadline, a joint stipulated order was entered, permitting Carpenter to file an amended complaint by April 21, 2011, and ordering Defendants to withdraw without prejudice their motion for a more definite statement and to strike. R. 10 (Stipulated Order at 3) (Page ID #56).

Carpenter's counsel manually filed an amended complaint on May 20, 2011, in violation of Eastern District of Michigan Local Rule 5.1.1, which requires electronic filing.  E.D. Mich. Local Rule 5.1.1(a); *see* R. 11 (Am. Compl.) (Page ID #57). Although the clerk's office accepted the filing, it issued a notice of failure to comply to Carpenter's counsel, warning that "[s]**anctions may be imposed if additional violations occur after this date**."  R. 12 (Notice of Failure to Comply) (Page ID #71). Defendants renewed their motion to strike in June 2011.  R. 13 (Defs.' Mot. to Strike) (Page ID #72).  The motion argued that Carpenter's complaint was "vague, ambiguous and littered with argument and prolix," and that "[t]he language used is overly rhetorical and argumentative, and the allegations . . . are narrative, and in some cases, nonsensical."  *Id.* at 3 (Page ID #74).  After Carpenter failed to respond to the motion within the time permitted by Local Rule 7.1(e), the district court issued an order to show cause on July 5, 2011, why Carpenter's complaint should not be stricken.  R. 15 (Order to Show Cause) (Page ID #78); E.D. Mich. Local Rule 7.1(e).  Carpenter responded to the show-cause order, but failed to abide by the local rules requiring electronic filing. The filing was accepted by the clerk's office, but a second notice of failure to comply was issued.  R. 17 (Notice of Failure to Comply) (Page ID #91).  On October 5, 2011, the district court entered a second order to show cause, noting counsel's repeated noncompliance with the local rules, and that counsel's response "did not address the [previous] order to show cause or explain the failure to file a response to the motion by the deadline."  R. 18 (Order to Show Cause at 1–2) (Page ID #92–93).

Carpenter responded to the second show-cause order, explaining that technical issues with the electronic filing system, destruction of office property, and family medical issues caused the delay in counsel's compliance with the local rules.  *See* R. 19 (Pl.'s Resp. to Order to Show Cause at 1–4) (Page ID #94–97).  The district court dismissed both show-cause orders on October 17, 2011.  R. 20 (Order Dismissing Show Cause) (Page ID #102).  The order stated that even Carpenter's counsel's most recent filing was single-spaced, in violation of Local Rule 5.1(a)(2), and warned that "<u>future failure to comply with the Local Rules will not be tolerated</u>."  *Id.*  At this point, Defendants' motion to strike the amended complaint remained pending.

Four months later, on February 15, 2012, the district court denied without prejudice Defendants' motion to strike, finding that Defendants' three-page motion and accompanying brief consisting of three sentences did "not set forth a sufficient basis upon which to grant their motion." R. 21 (Dist. Ct. Order at 2) (Page ID #105). The court found that the motion "d[id] not 'point out the defects complained of and the details desired' as required by Rule 12(e) or identify the 'redundant, immaterial, impertinent, or scandalous matter' the court should strike as provided in Rule 12(f)." *Id.* (quoting Fed. R. Civ. P. 12(e)–(f)). The court also explained that Defendants' motion failed to comply with Local Rule 7.1(a), which requires that the moving party obtain concurrence on the motion or make a statement in its motion that concurrence was not reached. *See id.*; E.D. Mich. Local Rule 7.1(a).

There was no further docket activity until July 31, 2012, five and a half months later, when the district court entered an order to show cause why the case should not be dismissed for failure to prosecute. R. 22 (Order to Show Cause) (Page ID #107). This order warned that "[f]ailure to respond may result in dismissal of the case." *Id.* In response, Carpenter's counsel argued that although negotiations had begun regarding a stipulation to file a second amended complaint, those negotiations had broken down. R. 23 (Pl.'s Resp. to Order to Show Cause at 2–3) (Page ID #109–10). Carpenter's counsel asserted that the failure of negotiations prevented him from filing another version of the complaint. *Id.* at 4 (Page ID #111). Defendant City of Flint ("Flint") also responded to the show-cause order, contending that Carpenter's counsel "has failed to cooperate in any manner to construct the proposed stipulation that would avoid the filing of the motion [to strike]." R. 24 (Def. City of Flint's Reply to Order to Show Cause at 2) (Page ID #116). Flint acknowledged that "in hindsight Defendant should have simply filed the renewed motion weeks ago and takes responsibility for that delay." *Id.*

On August 28, 2012, the district court dismissed the case with prejudice, and judgment was entered in favor of Defendants. R. 26 (Order Dismissing Case) (Page ID #135); R. 27 (Judgment) (Page ID #139). The district court's dismissal was based on Carpenter's counsel's repeated noncompliance with the local rules, his

uncooperativeness in negotiating a stipulation relating to a second amended complaint, and his failure "to take appropriate actions to pursue the claims asserted in this case." R. 26 (Order Dismissing Case at 4) (Page ID #138).  Carpenter timely appealed.

## II.  STANDARD OF REVIEW

We review for abuse of discretion a district court's dismissal of an action for failure to prosecute.  *Tung-Hsiung Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).  "An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made."  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).  We will find an abuse of discretion if the district court "relies on clearly erroneous findings of fact, . . . improperly applies the law, or uses an erroneous legal standard."  *Id.*  Correspondingly, "[a] clear example of an abuse of discretion exists where the trial court fails to consider the applicable legal standard."  *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006) (internal quotation marks omitted).

## III.  ANALYSIS

It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.  *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).  Nonetheless, "[t]he dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."  *Wu*, 420 F.3d at 643 (internal quotation marks omitted).  In *Link*, the Supreme Court stated that there was "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client."  *Link*, 370 U.S. at 633.  Although this principle—that generally it is not unduly unfair to punish a client for his counsel's errors—remains valid, "we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client."  *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994); *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 590 (6th Cir. 2001) ("[T]his Court has

expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney."). This is because dismissing a plaintiff's case with prejudice "deprives a plaintiff of his day in court due to the inept actions of his counsel." *Patterson v. Twp. of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985). Accordingly, "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Carter*, 636 F.2d at 161.

Under this court's precedent, we consider four factors when determining whether dismissal for failure to prosecute was within the district court's discretion:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Mulbah*, 261 F.3d at 589. Although we acknowledge that Carpenter's counsel's conduct in pursuing his client's claims was inept, improper, and unprofessional,[1] applying the four-factor test outlined above leads us to conclude that the district court abused its discretion in dismissing the case with prejudice.

## A. Willfulness, Bad Faith, or Fault

The first factor—whether the party's failure is due to willfulness, bad faith, or fault—requires "a clear record of delay or contumacious conduct." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Contumacious conduct refers to behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Webster's Third New International Dictionary* 497 (1986)). The plaintiff's "conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu*, 420 F.3d at 643 (quoting *Mulbah*, 261 F.3d at 591).

---

[1]Indeed, Carpenter's counsel has continued his pattern of inflammatory language and noncompliance with procedural filing rules. *See* Fed. R. App. P. 32(a)(5)(A) (requiring proportionally spaced typeface in briefs to be 14-point or larger).

The conduct at issue here includes (i) repeated failures to abide by local rules requiring filings to be double-spaced and submitted electronically; (ii) delays in responding to Defendants' motion to strike; (iii) failure, within a five-and-a-half-month period, either to file a motion for default judgment after Defendants did not timely file a responsive pleading or otherwise to move the litigation forward through stipulating to a second amended complaint. These first two oversights—repeated noncompliance with local filing rules and a delayed response to Defendants' motion to strike—are less egregious than the types of conduct that we have held reflect a clear record of contumacious conduct warranting dismissal. Unlike other cases where we have affirmed sua sponte dismissals, Carpenter and his counsel have not failed to appear at scheduled pretrial conferences, *see Rogers v. City of Warren*, 302 F. App'x 371, 377 (6th Cir. 2008); *Cotson v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986), nor have they failed to respond to discovery requests, *see Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997), nor have they "acted in contempt of a court order compelling cooperation with such requests." *Mulbah*, 261 F.3d at 592.

Instead, the circumstances in this case are analogous to other cases in which we held that dismissal with prejudice was an abuse of discretion. For example, in *Patterson*, we reversed the district court's dismissal with prejudice, even after counsel failed to comply with procedural rules, failed to submit documents according to court-ordered deadlines, failed to initiate any discovery, and submitted answers to interrogatories four and a half months late. *See Patterson*, 760 F.2d at 687. Although the *Patterson* court "sympathize[d] entirely with the district court's frustration under the circumstances," the court concluded that it was an abuse of discretion to deprive the plaintiff of his day in court. *Id.* at 689. Our past cases have distinguished between "mere dilatory conduct involving a failure to file a specified document" and the more egregious problem of an "attorney's failure to appear on repeated occasions," and we repeatedly have reversed dismissals where the misconduct fell into the former, less egregious, category. *Cotson*, 789 F.2d at 379; *see Mulbah*, 261 F.3d at 592–93; *Stough*, 138 F.3d at 615 ("While a pattern of this type of behavior [failing to timely file responses to motions] may be sanctionable, it does not tax the court's time in the same manner as failing to appear for

court conferences."). Carpenter's counsel's delayed filings and violations of local rules fall into the less egregious category, and accordingly, these infractions and missteps do not demonstrate a clear record of contumacious conduct warranting dismissal with prejudice.

The third indication of a failure to prosecute cited by the district court was the period of inactivity on the docket. The district court faults Carpenter for the lack of docket activity in the five-and-a-half-month period between February 15, 2012, when the court denied Defendants' motion to strike, and July 31, 2012, when the order to show cause was entered. R. 26 (Order Dismissing Case at 3) (Page ID #137). Once the Defendants' motion to strike was denied, the operative pleading was the amended complaint. Accordingly, the next stage in the litigation was for Defendants to file a responsive pleading or another Rule 12 motion within fourteen days. *See* Fed. R. Civ. P. 12(a)(4)(A). Defendants failed to file a responsive pleading, although there were negotiations between the parties regarding filing a stipulation permitting Carpenter to file a second amended complaint. *See* R. 24-2 (Feb. 27, 2012 Letter from City Attorney Thomas Kent to Anthony Lubkin) (Page ID #120); R. 24-3 (Email Correspondence) (Page ID #122–26). These negotiations apparently broke down, and each party blames the other for a failure to communicate and finalize a proposed stipulation. *Compare* R. 24 (Def. City of Flint's Reply to Order to Show Cause at 2) (Page ID #116) (asserting that Carpenter's counsel stopped communicating with Defendants' counsel regarding the proposed stipulation), *with* R. 23 (Pl.'s Resp. to Order to Show Cause at 3–4) (Page ID #110–11) (arguing that Flint failed to finalize the proposed stipulation during May and June of 2012, and that Flint's counsel failed to communicate with Carpenter's counsel during that time). We need not take sides regarding which party was more at fault regarding the lack of cooperation. Both parties had the option of making the appropriate filings to move the case along. Given Defendants' failure to file a responsive pleading, Carpenter could have filed a motion for default judgment or a motion for leave to amend the complaint. *See* Fed. R. Civ. P. 15(a)(2), 55. As Defendants concede, they could have refiled their motion to strike or filed a motion seeking a scheduling order regarding the amended pleadings. *See* R. 24 (Def. City of Flint's Reply to Order to Show Cause

at 2) (Page ID #116).  The district court sided with Defendants, and placed all of the blame on Carpenter and his counsel.**2**  R. 26 (Order Dismissing Case at 3) (Page ID #137).

Even assuming that Carpenter and his counsel were fully at fault for the lack of docket activity for over five and a half months, we have found abuses of discretion in other cases dismissed by district courts in which plaintiffs behaved similarly to Carpenter and his counsel.  For example, in *Little v. Yeutter*, there was a four-and-a-half month period where plaintiff "had taken no discovery; filed no dispositive motions; failed to request a hearing on this matter; and failed to respond to offers of compromise." 984 F.2d 160, 161 (6th Cir. 1993).  We reversed the district court's dismissal for failure to prosecute, concluding that although "it could be argued that [plaintiff] should have done more," there was only "minimal evidence of contumacious conduct."  *Id.* at 163. Similarly, in *Carter*, we reversed a dismissal for failure to prosecute despite a delay of over four months in which plaintiff's counsel "failed to engage in discovery, to discuss settlement, and to file appropriate pre-trial orders in a timely fashion as ordered by the court." *Carter*, 636 F.2d at 161.  Despite the fact that plaintiff's "attorney's efforts . . . were wholly insufficient," we held that it was an abuse of discretion to dismiss the case and deprive the "blameless" plaintiff of a trial.**3** *Id.*  And in *Kemp v. Robinson*, this court in an unpublished decision reversed a dismissal by a district court when plaintiff's

---

**2**It is worth noting that Carpenter was not in violation of any scheduling order; no pretrial conference had been held under Rule 16(a), nor had a scheduling order been issued under Rule 16(b).  *See* Fed. R. Civ. P. 16; *cf. García-Pérez v. Hosp. Metropolitano*, 597 F.3d 6, 8 (1st Cir. 2010) (explaining that the district court's failure "to take an active role in case management," including a failure to issue a scheduling order or hold a pretrial conference, militated against dismissing the case with prejudice despite lengthy delays by plaintiffs (internal quotation marks omitted)).

**3**Other courts of appeals, considering the specific circumstances of particular cases, have reversed dismissals for failure to prosecute after even longer periods of delay.  *See, e.g.*, *García-Pérez*, 597 F.3d at 7–8 (reversing sua sponte dismissal with prejudice even after plaintiffs delayed three years in producing expert report); *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004) (reversing dismissal with prejudice despite plaintiff's seventeen-month delay in filing amended complaint, disagreeing with the district court "that the circumstances were sufficiently egregious . . . as to warrant dismissal"); *GCIU Emp'r Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1199–1200 (7th Cir. 1993) (reversing dismissal even after a twenty-two month period of inactivity on the docket during which parties failed to apprise the district court that settlement negotiations were ongoing).  The delay at issue in this case is not nearly as long as the delays which the Supreme Court has held warrant dismissal.  *See Link*, 370 U.S. at 628 n.2, 633 (holding that dismissal was proper after, among other things, plaintiffs delayed over eighteen months in responding to interrogatories); *cf. Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) (holding that dismissal was proper sanction under Rule 37 where respondents failed to answer interrogatories for seventeen months).

counsel had waited nearly three years before filing a motion for default judgment against defendants. 262 F. App'x 687, 691 (6th Cir. 2007) (explaining that "[w]hile it is apparent from the record that Kemp's attorney . . . could have been more diligent in filing the motion for default judgment," the record did not show that the attorney "willfully h[e]ld up the proceedings to gain a tactical advantage"). Accordingly, while Carpenter's counsel could have done more between February and July either to stipulate to amend the complaint or to file a motion for default judgment, we conclude that the five-and-a-half-month period of delay does not establish the kind of contumacious conduct or clear record of delay warranting dismissal. Thus, the first factor weighs against dismissal.

## B. Prejudice

The second factor to examine is whether Defendants were prejudiced by Carpenter's counsel's conduct. *Mulbah*, 261 F.3d at 589. A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is "required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368. Here, the district court did not make a finding that Defendants have been prejudiced by Carpenter's counsel's noncompliance with local rules and five-and-a-half-month period of inactivity, nor have Defendants provided any competent evidence indicating such prejudice. Although on appeal Flint asserts that the delays will make it difficult to secure relevant records and witnesses with sufficient memory of the events at issue, these assertions are unsupported by any specific details or evidence. This total lack of evidence of prejudice to Defendants weighs against dismissal. *See Carter*, 636 F.2d at 161 (reversing the district court's dismissal when there was "no finding or evidence that defendant was prejudiced by plaintiff's dereliction"). Nor do we find persuasive Flint's argument that its financial crisis should, in itself, amount to prejudice warranting dismissal of the case. *See Rogers v. Kroger Co.*, 669 F.2d 317, 322 (5th Cir. 1982) (holding that requiring a party to "expend funds necessary to present a defense" does not amount to prejudice warranting dismissal).

A review of Defendants' activity in this litigation also indicates that they have not expended significant time or effort defending against Carpenter's claims. Defendants' actions in response to the complaint were (i) filing two paltry and vague motions to strike, each less than three pages in length; (ii) attempting to coordinate with Carpenter's counsel to create a stipulation for Carpenter to amend his complaint; and (iii) responding to the district court's show-cause order contemplating dismissal for failure to prosecute. Defendants have yet to answer the complaint, file a substantive dispositive motion, or engage in discovery activities. Defendants' understandable frustration with Carpenter's counsel during the negotiations over amending the complaint does not warrant a finding of prejudice. *See Schafer*, 529 F.3d at 739–40 (concluding that the prejudice factor weighed against dismissal when defendants made only minimal efforts in response to the complaint); *see also Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 (1st Cir. 2002) (concluding that defendants' "expense incurred in unsuccessfully attempting to communicate with [plaintiff] . . . . [is] not unusual in the course of litigation and do[es] not rise to the level of prejudice justifying dismissal"). Accordingly, there is nothing in the record demonstrating that Defendants have wasted substantial time, money, or effort due to the uncooperativeness of Carpenter's counsel.

Further, Defendants bear at least some of the blame for the pre-discovery delays in this case. The district court properly denied their second motion to strike: the motion and its accompanying brief, which together comprise only a few paragraphs, did "not set forth a sufficient basis upon which to grant their motion." R. 21 (Dist. Ct. Order at 2) (Page ID #105). Additionally, Defendants did not comply with Local Rule 7.1(a) when they filed their motion, because they did not make a statement explaining whether concurrence on the motion was sought or achieved. *See id.*; E.D. Mich. Local Rule 7.1(a). Defendants also acknowledge that when negotiations over the stipulation regarding the second amended complaint broke down, they could have filed another motion to strike. R. 24 (Def. City of Flint's Reply to Order to Show Cause at 2) (Page ID #116). Alternatively, they could have moved to dismiss, asked for a pretrial conference, or moved for dismissal under Rule 41. Defendants explicitly "t[ook]

responsibility for [the] delay" relating to the period after the motion to strike was denied. *See id.* Accordingly, the prejudice factor weighs against dismissal. *Mulbah*, 261 F.3d at 592 (stating that dilatory conduct on the part of defendants weighed against a finding of prejudice); *Carter*, 636 F.2d at 161 (concluding that the fact that the defendant "did not move for dismissal on the ground of plaintiff's noncompliance" militated against a finding of prejudice).

## C. Notice

The third factor to consider when determining whether the district court abused its discretion in dismissing a case for failure to prosecute is "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Mulbah*, 261 F.3d at 589. The district court first cites two notices of failure to comply that were issued following Carpenter's counsel's attempts manually to file documents. R. 26 (Order Dismissing Case at 1–2) (Page ID #135–36). These notices stated that "**[s]anctions may be imposed if additional violations occur after this date**." R. 12 (Notice of Failure to Comply) (Page ID #71); R. 17 (Notice of Failure to Comply) (Page ID #91). This kind of boilerplate language, which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal. *See Freeland*, 103 F.3d at 1279 ("[T]his court has held that routine language in a standard order, warning counsel of possible dismissal as a sanction for failure to comply with any of the provisions of the order, is not necessarily sufficient prior notice to immediately warrant the extreme sanction of dismissal.").

We also note that once Carpenter responded to the first two orders to show cause, resulting in the dismissal of those orders, Carpenter could not have anticipated reasonably that further action was needed to respond adequately to the court's request. *See Wu*, 420 F.3d at 644 (holding that a show-cause order was "insufficient to provide notice that the case might be dismissed" after the plaintiff had responded to the order and "[t]he district court did not notify the parties that the response was inadequate or that any further action was required"). Accordingly, although the first two orders directed Carpenter to show cause "why plaintiff's complaint should not be stricken and this case

should not be dismissed," R. 18 (Order to Show Cause at 2) (Page ID #93), once those orders were dismissed, there was no longer adequate notice that dismissal was being contemplated.

Nonetheless, this factor weighs in favor of dismissal, because Carpenter's counsel received two other warnings that his failure to comply with the local rules would result in sanctions. After Carpenter's counsel filed a single-spaced response to the second order to show cause, in violation of Local Rule 5.1(a)(2), the district court "warn[ed] plaintiff that future failure to comply with the Local Rules will not be tolerated." R. 20 (Order Dismissing Show Cause at 1) (Page ID #102). Further, before ordering dismissal sua sponte, the district court issued a third order to show cause that warned Carpenter that "[f]ailure to respond may result in dismissal of the case." R. 22 (Order to Show Cause) (Page ID #107). At this point, Carpenter was sufficiently on notice that failure to follow the rules or to respond to the show-cause order might result in dismissal.

## D.  Alternative Sanctions

We have held that "'[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process.'" *Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 589) (emphasis in original); *see also Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983) ("'[D]ismissal with prejudice is warranted only where . . . a lesser sanction would not better serve the interests of justice.'" (quoting *Gonzales v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 247 (5th Cir. 1980))); Charles Alan Wright et al., 9 *Fed. Practice & Proc. Civil* § 2369 (3d ed.) ("[T]he federal courts have held fairly consistently that, except in extreme circumstances, a court should first resort to the wide range of lesser sanctions that it may impose upon a litigant or the litigant's attorney, or both, before ordering a dismissal with prejudice."). Alternative sanctions may include "levying a fine, barring [counsel] from participating in oral argument, or any other disciplinary action," even dismissal without prejudice. *Mulbah*, 261 F.3d at 593. Although a district court in extreme cases has the power to dismiss

with prejudice as the first and only sanction, "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court exercised its discretion with appropriate forethought." *Harmon*, 110 F.3d at 368–69.

In this case, although the district court admonished Carpenter's counsel several times for his failure to comply with local filing rules, the court did not impose any sanction short of dismissal for the past violations. For example, the district court could have imposed a fine on Carpenter's counsel, imposed other disciplinary measures on Carpenter's counsel, or even dismissed the case without prejudice. We acknowledge that the district court had good cause to impose some sanction on Carpenter or his attorney, given the continued violations of the local filing rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (explaining that "[i]t is incumbent on litigants" to follow local rules of procedure). Although counsel has a clear obligation to familiarize himself with a district court's local rules and to follow them, we conclude that an alternative sanction placed on Carpenter's counsel would have been more appropriate before dismissing Carpenter's complaint with prejudice and depriving Carpenter of his day in court. *See Wu*, 420 F.3d at 644–45; *Mulbah*, 261 F.3d at 593–94. Accordingly, this factor weighs against dismissal.

In sum, despite Carpenter's counsel's improper conduct in this case, the violations of local filing rules combined with a five-and-a-half-month delay in filing a motion for default judgment do not warrant depriving Carpenter of a chance to have his claims adjudicated on the merits. There has been no finding that Defendants have been prejudiced by this delay, and no lesser sanctions were imposed prior to the extreme sanction of dismissal of the case with prejudice. We conclude that the district court abused its discretion in dismissing Carpenter's complaint with prejudice.

## IV.  CONCLUSION

For the foregoing reasons, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.