**Michael KEATON, Plaintiff**

**v.**

**Jason BENNETT, et al., Defendants**

**Case No. 3:15CV1913**

United States District Court,
N.D. Ohio,
Western Division.

Filed: 09/15/2017

Michael Keaton, pro se.

Kelly N. Brogan, Zachary R. Huffman, Office of the Ohio Attorney General, Columbus, Ohio, for Defendants

### ORDER

James G. Carr, Sr. U.S. District Judge

This is an excessive-force case under 42 U.S.C. § 1983.

The pro se plaintiff, Michael Keaton, alleges that two correctional officers at the Toledo Correctional Institution intentionally broke his ankle while they were trying to subdue him as he fought with another inmate. (Doc. 1; Doc. 6).

Because plaintiff has repeatedly failed to comply with my scheduling orders, and because I have warned him about the consequences of continued non-compliance, I dismiss his case for want of prosecution.

### Background

On October 3, 2016, plaintiff filed a motion for summary judgment (Doc. 23) and, without leave of court, an amended complaint. (Doc. 24).

Shortly thereafter, defendants moved to strike the amended complaint (Doc. 27), and I ordered plaintiff to respond by January 12,

2017. (Doc. 32). Defendants opposed the summary-judgment motion November 30, 2016 (Doc. 30), and I ordered plaintiff to submit a reply in support of his motion for summary judgment by January 19, 2017 (Doc. 32). Both deadlines came and went without a submission from the plaintiff.

On January 19, 2017, the defendants moved for summary judgment. (Doc. 33). According to my earlier scheduling order, plaintiff's response was due by February 20, 2017. That deadline, too, passed without a filing by the plaintiff.

On March 13, 2017, acting *sua sponte*, I ordered plaintiff to file his response to the motion to strike, his reply in support of summary judgment, and his opposition to the defendants' summary-judgment motion by March 31, 2017. (Doc. 35 at 1). I also ordered him to submit a change-of-address notification to the clerk's office. (*Id.* at 1).[1] Finally, I warned plaintiff that "[f]ailure to comply with this order will result in dismissal with prejudice for want of prosecution." (*Id.* at 2).

Rather than meet these deadlines, plaintiff filed, on April 3, a motion to stay. (Doc. 36).

Plaintiff explained that he had been "apprehended and detained [on] January 26, 2017 under false accusations." (Doc. 36 at 1). He asked that I stay the case until "present charges get dismissed and [he was] liberated." (*Id.* at 2).

Defense counsel's opposition to the motion explained that authorities had arrested plaintiff in Franklin County, Ohio, and that, on February 3, 2017, the State had indicted him in the Franklin County Court of Common Pleas on charges of aggravated robbery, felonious assault, kidnapping, and having a weapon under a disability. (Doc. 37 at 3).

In light of these developments, I ordered plaintiff, on July 13, 2017, to file a status report identifying: 1) his present residence; 2) his current medical condition (as there was some indication it may have impeded his ability to conduct legal research); and 3) a

date "when he can file his response to the pending motion for summary judgment." (Doc. 38 at 2). The deadline for the status report was August 15, 2017. (*Id.*).

Again, I warned plaintiff that "[f]ailure to respond to this order shall result in entry of judgment, with prejudice, in the defendants' favor." (*Id.*).

As of this submission, plaintiff has not filed the requested status report. And this is so, even though the state court's docket reflects: 1) plaintiff made bond on February 8, 2017; and 2) the prosecution dismissed the criminal charges against him on August 8, 2017. (Docket entries of Feb. 8, 2017 & Aug. 8, 2017, *State v. Keaton*, Case No. 17CR699 (Franklin Cnty. Ct. Common Pleas)) (available at goo.gl/V5CUYz).

### Discussion

Fed. R. Civ. P. 41(b) gives me the authority to dismiss a case for failure to prosecute.

■ The decision to dismiss for want of prosecution turns on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013).

■ While no one factor is outcome-determinative, *see U.S. v. $506,069.09 Seized from First Merit Bank*, 664 Fed.Appx. 422, 428 (6th Cir. 2016), "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

■ In this case, the plaintiff's "clear pattern of delay" and failure to comply with readily comprehensible deadlines warrants dismissal.

1. Apparently the plaintiff contacted defense counsel sometime in January to advise them that his address had changed. Defense counsel then apprised the clerk's office of that development, and court staff directed plaintiff to submit a notice indicating his current address. Plaintiff represented that he would do so "ASAP," but he has not yet submitted the notice. (Non-document entry of Jan. 25, 2017).

## A. Fault

First, plaintiff's conduct amounts to a reckless disregard of how his failure to comply with my scheduling orders has affected the case. *See Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (to amount to willfulness or bad faith, the party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings").

Even before his incarceration in Franklin County, plaintiff missed multiple filing deadlines, never sought an extension of those deadlines, and—to this day—has not explained why he could not meet those deadlines. Thus, motions that should have become decisional long ago—the October, 2016 motion to strike, and plaintiff's own October, 2016 summary-judgment motion—are still not ripe for adjudication.

After his arrest, I twice warned plaintiff that his continued non-compliance with the court's basic procedures would lead to the dismissal of his case. (Docs. 35, 38). Neither order elicited any response from the plaintiff; consequently, the defendants' motion for summary judgment is likewise not in a decisional posture.

Furthermore, plaintiff has not even bothered to submit a change-of-address form to the clerk of court. As a result, the clerk must send orders in this case to the multiple addresses, whether current or nor, that plaintiff has on file. (*See* non-document entries of March 13, 2017 and July 13, 2017).

All litigants, and especially pro se litigants, have an obligation to provide the court with up-to-date contact information; otherwise how can the court ensure that its orders and decisions reach the litigants? Plaintiff's failure to meet this very basic requirement is indicative of his disregard for the court's ability to manage this litigation in an orderly fashion.

Finally, while it is true that plaintiff found himself in jail in late January of this year, that does not reasonably explain his non-compliance with my orders. For one thing, plaintiff initiated this case while he was an inmate at the Toledo Correctional Institution. For another, plaintiff made bond shortly after his arrest, meaning that the restrictions on one's freedom that accompany incarceration played no role in plaintiff's failure to comply with my orders of March 13 and July 13, 2017.

## B. Prejudice

Second, plaintiff's conduct has caused some prejudice to the defendants in the sense that the case remains no closer to resolution today than it was after defendants opposed plaintiff's motion for summary judgment, in November, 2016, and filed their own summary-judgment motion, in January, 2017.

Litigants are entitled to a prompt resolution of disputes, but plaintiff's recklessness and intransigence have unduly prolonged, without good cause, this litigation.

## C. Warnings

Third, I have twice warned the plaintiff that non-compliance with my orders would result in the dismissal of his case with prejudice.

## D. Lesser Sanctions

Finally, I do not believe that a lesser sanction is likely to motivate plaintiff to comply with my scheduling orders. After all, I have twice warned him that his failure to submit pleadings on time or to supply requested information would lead to the dismissal of his case, but neither warning produced any response.

Accordingly, this is a case where plaintiff's pattern of delay and failure to comply with clear orders warrants dismissal. *Jourdan, supra*, 951 F.2d at 109–10.

## Conclusion

It is, therefore,

ORDERED THAT:

1. This case be, and the same hereby is, dismissed with prejudice due to plaintiff's failure to prosecute; and

2. All outstanding motions (Docs. 23, 27, 33, 36) be, and the same hereby are, denied as moot.

So ordered.