NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0244n.06
No. 14-1237

FILED
Apr 07, 2015
DEBORAH S. HUNT, Clerk

## UNITED STATES COURTS OF APPEALS
## FOR THE SIXTH CIRCUIT

BAY CORRUGATED CONTAINER, INC.,      )
                                     )
    Plaintiff-Appellant,             )
                                     )
v.                                   )
                                     )
GOULD, INC.,                         )    ON APPEAL FROM THE
                                     )    UNITED STATES DISTRICT
    Defendant-Appellee,              )    COURT FOR THE EASTERN
                                     )    DISTRICT OF MICHIGAN
GOULD ELECTRONICS, INC.,             )
                                     )
    Intervenor-Appellee.

BEFORE:    SILER, BATCHELDER, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. In 1999, Bay Corrugated Container filed a petition in federal district court to force Gould, Inc. to comply with the terms of a 1994 consent judgment. In early 2000, the district court appointed a mediator to resolve the dispute. From then until 2009, however, the district court heard nothing of the case. Rather than bringing the stalled proceedings to the district court's attention, Bay used the nine-year delay to negotiate a settlement with a third-party and to wait out the result of a related bankruptcy proceeding. When, in 2009, Bay finally moved the district court to resolve Bay's still-pending petition to enforce the consent judgment, the district court denied Bay's motion and dismissed Bay's petition for—among other things—failure to prosecute. The district court could properly

attribute fault to Bay's taking nine years to return to Court, and could also find prejudice to Gould, Inc. from the resultant unavailability of evidence. The district court therefore did not abuse its discretion in dismissing Bay's petition under Rule 41(b).

In 1973, Gould, Inc. sold Bay a manufacturing plant in Monroe, Michigan. Eighteen years later, Bay brought a CERCLA action against Gould, Inc. for contaminating the area around the Monroe plant. Although GNB Batteries—one of Gould, Inc.'s corporate spinoffs—had purchased Gould, Inc.'s battery division in 1984, GNB denied liability for the contamination, so Gould, Inc. wound up defending the litigation. *See GNB Inc. v. Gould, Inc.*, No. 90-C-2413, 1990 WL 207429, at *2 (N.D. Ill. Nov. 30, 1990). At the same time, Gould, Inc. engaged GNB in litigation to determine whether and to what extent GNB had assumed Gould, Inc.'s environmental liabilities when it purchased Gould, Inc.'s battery division. *Id.* at *1.

In 1994, Gould, Inc.'s litigation with Bay appeared to come to an end when Gould, Inc. and its soon-to-be corporate successor, Gould Electronics, signed a Settlement Agreement and Mutual Release. *Bay Corrugated Container, Inc. v. Gould, Inc.*, No. 2:91-cv-70170 (hereafter "Dist. Ct. R."), doc. # 126-4. Pursuant to the Agreement, Gould, Inc. and Gould Electronics agreed to pay for investigation and remediation of the contaminated site. *Id.* The district court incorporated the terms of the Agreement into a consent judgment entered on August 2, 1994. Dist. Ct. R., doc. # 126-3.

A year later, the Seventh Circuit resolved Gould, Inc.'s litigation with GNB, holding that GNB assumed all of Gould, Inc.'s environmental liabilities when GNB purchased Gould, Inc.'s battery division. *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615 (7th Cir. 1995). Notwithstanding that decision, the 1994 consent judgment against Gould, Inc. and Gould Electronics remained in effect. Neither Gould, Inc. nor Gould Electronics, however, completed

the required investigation and remediation of the Monroe site. Thus, in 1999, Bay filed a petition to force Gould, Inc.—but not Gould Electronics—to comply with the terms of the consent judgment. Dist. Ct. R., doc. # 34, at 2 (sealed). In early 2000, after a status conference and a hearing, the district court appointed a mediator to resolve the dispute. From then until 2009, however, the court heard nothing of the case—nothing from the mediator and nothing from Bay or Gould, Inc. *Bay Corrugated Container, Inc. v. Gould, Inc.*, No. 91-CV-70170, 2014 WL 256266, at *1 (E.D. Mich. Jan. 23, 2014).

While Bay was attempting to enforce the consent judgment against Gould, Inc., Bay was also negotiating with GNB to determine whether GNB would undertake to conduct investigation and remediation at the Monroe facility. Those negotiations concluded in October 2000 when Bay and Exide Technologies—which had acquired and merged with GNB earlier that year—completed an Outline of Settlement Agreement. Dist. Ct. R., doc # 120-6, at 5-7. The Outline of Settlement Agreement provided that Exide would conduct additional investigation and remediation at the Monroe facility, but did not mention the 1994 Settlement Agreement and Mutual Release between Bay and Gould, Inc. and Gould Electronics. *Id.*

In 2002, Exide filed for Chapter 11 bankruptcy. In the course of the ensuing bankruptcy proceeding, Exide rejected the 2000 Outline of Settlement Agreement it had entered into with Bay. Exide's rejection of the Outline of Settlement Agreement led Bay to file a proof of claim in the bankruptcy proceeding, seeking damages from Exide based on Exide's rejection of the Outline of Settlement Agreement. *See* Dist. Ct. R., doc. # 122, at 4.

While awaiting the results of the Exide bankruptcy proceedings, Bay was simultaneously negotiating with Gould Electronics, in hopes that Gould Electronics would assume Exide's obligations under the Outline of Settlement Agreement. According to Gould Electronics, Bay

and Gould Electronics twice met with a mediator in 2002, but were unable to agree on the terms of an assumption. *Id.* It also appears that, between 2002 and 2006, Bay and Gould Electronics discussed, on a handful of occasions, Gould Electronics' assuming Exide's obligations under the Outline of Settlement Agreement. Dist. Ct. R., doc. # 149-7, at 7-11. In early 2006, negotiations between Gould Electronics and Bay ceased altogether. *Id.* at 11.

Bay took no further action in the matter until 2009, when it asked the district court to resolve Bay's still pending 1999 petition to enforce the 1994 consent judgment against Gould, Inc. Dist. Ct. R., doc. # 118. The petition did not mention Gould Electronics. After asking Bay and Gould, Inc. to explain "why the court has heard nothing from the parties over the course of the past nine years," Dist. Ct. R., doc. # 119, at 2, the district court eventually dismissed Bay's petition on two grounds. First, the district court concluded that Bay's agreements with GNB had absolved Gould, Inc. of any liability for contamination at the Monroe facility. *Bay Corrugated Container, Inc. v. Gould, Inc.*, No. 91-CV-70170, 2009 WL 3032723, at *3 (E.D. Mich. Sept. 18, 2009). Second, the district court held that, even were Gould, Inc. still liable under the 1994 consent judgment, Bay's petition would be dismissed under Federal Rule of Civil Procedure 41(b). *Id.* The district court entered a judgment dismissing Bay's case in September 2009, Dist. Ct. R., doc. # 125, and subsequently denied Bay's motion for reconsideration. Dist. Ct. R., doc. # 139.

Bay appealed the district court's dismissal of its 1999 petition, prompting Gould Electronics to move to intervene as a defendant. Dist. Ct. R., doc. # 130. The district court granted Gould Electronics' motion. Dist. Ct. R., doc. # 139, at 2. On appeal, this court reversed the district court's judgment, holding that, "it cannot be determined from the record whether there has been a novation and whether, as the district court determined, Gould, Inc. is no longer

liable to Bay. Likewise, the district court's summary dismissal under Rule 41(b) does not allow us to review the appropriateness of the decision." *Bay Corrugated Container, Inc. v. Gould, Inc.*, 462 F. App'x 516, 517 (6th Cir. 2012).

On remand the district ordered Gould, Inc. and Bay to "submit briefs, supported by whatever evidentiary materials they deem appropriate, on the issues of (1) whether plaintiff's 'petition to enforce consent judgment' is moot; (2) whether a novation has occurred; and (3) whether dismissal of the complaint is appropriate for plaintiff's lack of prosecution and/or under the doctrine of laches." Dist. Ct. R., doc. # 146. The district court also requested that Gould Electronics—which the district court treated as a third-party amicus on remand, despite its earlier order granting Gould Electronics' motion to intervene—"submit briefing as a non-party amicus addressing plaintiff's arguments without prejudice to, or waiver of, [Gould Electronics'] rights, claims or defenses in the event [Bay] seeks to make [Gould Electronics] a party to this action in the future." Dist. Ct. R., doc. # 147.

After considering the briefing and factual submissions, the district court once more dismissed Bay's 1999 petition on the ground that, in waiting nine years to rekindle its petition at the district court, Bay had failed to diligently prosecute its claim. *Bay Corrugated Container*, 2014 WL 256266, at *4. The district court held that dismissal under Rule 41(b) was proper because: (1) Bay's delay in prosecuting its claim extended "for an inexcusably long period of time," during which period the district court heard nothing from Bay; (2) Bay's delay had prejudiced Gould, Inc. and Gould Electronics, both because the passage of time is inherently prejudicial, and because "four witnesses with knowledge of waste disposal at the site died . . . while Bay took no action against Gould in Court and while Bay simply observed the Exide bankruptcy"; and (3) imposing a lesser sanction would not "do any good." *Id.* at *7-*8. The

district court expressly declined to dismiss the complaint on the ground of novation, relying exclusively on its Rule 41(b) holding. *Id.* at *8. The order and judgment dismissing Bay's 1999 petition name only Gould, Inc. as a defendant. *Id.* at *1; Dist. Ct. R., doc. # 156.

Bay now appeals the district court's holding that Bay failed to diligently prosecute its claim. Gould, Inc.'s attorney has announced that, because Gould, Inc. no longer exists, it is not participating in the appeal. *Bay Corrugated Container, Inc. v. Gould, Inc. et al.*, App. No. 14-1237, doc. # 18. Gould Electronics is the only defendant to have filed a brief in this matter.

In deciding whether a district court abused its discretion in dismissing a case for failure to prosecute, under Rule 41(b), this court considers four factors:

> (1) Whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, all four of the *Knoll* factors militate in favor of affirming the district court.

Bay's failure to prosecute its petition diligently demonstrated "willfulness, bad faith, or fault"—the first *Knoll* factor—because it showed a reckless disregard for the effect of delay on the district court proceedings. By waiting years to recommence prosecution of its petition, Bay allowed memories to fade, witnesses to move away or die, and documents to be lost or destroyed. There is, moreover, no indication that the delay was not deliberate. Bay was apparently waiting to see what would happen to its claim in Exide's bankruptcy proceeding. We have held that a plaintiff's delay in prosecuting a claim evinces "willfulness, bad faith, or fault" if it displays "a reckless disregard for the effect of [the plaintiff's] conduct on [the district court] proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). It is true that this court has distinguished between mere dilatory conduct and bad faith, willfulness, or fault, and that to

fall into the latter category a plaintiff "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Kemp v. Robinson*, 262 F. App'x 687, 691 (6th Cir. 2007) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Our unpublished holding in *Kemp*—that a three-year delay did not reflect such a reckless disregard—was based on a number of factors, including that "opposing counsel's failure to return correspondence was part of the problem." *Id.* Bay at oral argument emphasized that it should not bear responsibility for the nine-year period during which the district court heard nothing from the parties. But Bay, the party seeking relief in the action, could be expected to be the party to take measures when things stall. That is particularly true in this case, where the party against which Bay currently seeks relief was not a party to the case at all until 2010. Moreover, while dilatory conduct under our case law is not inherently fatal, we have been presented with no case coming anywhere near nine years during which the court heard nothing from the parties. The first *Knoll* factor on balance weighs against Bay.

Under the second *Knoll* factor—prejudice to the defendant—delays are prejudicial when they "make it difficult to secure relevant records and witnesses with sufficient memory of the events at issue." *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013). At least four of the eight witnesses Bay earlier identified as having information about Bay's disposal practices at the Monroe facility died between 2000 and 2009. *See* R. 151-9, PgID 1039; R. 151-10, PgID 1041; R. 151-11, PgID 1043; R. 151-12, PgID 1045. There is no way to reproduce these witnesses' recollections or to be sure that the information they would have supplied is elsewhere available. The prejudice factor thus weighs at least somewhat against Bay.

Bay has waived any arguments it might make with respect to the third *Knoll* factor— notice of the possibility of dismissal. In its brief on remand, Bay acknowledged that, "By setting

a briefing schedule including the issue of whether this case should be dismissed pursuant to Rule 41(b), the Court has cured the defective notice condition present at the time of its prior decision." Dist. Ct. R., doc. # 149, at 16. Bay's acknowledgment meant the district court never had cause to address the sufficiency of the notice it had afforded. Issues not litigated in the trial court are generally inappropriate for appellate consideration in the first instance. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 243 (6th Cir. 1991).

The fourth *Knoll* factor—the availability and use of less drastic sanctions—also supports dismissal. We have said that, "in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice." *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997). At oral argument, however, counsel for Bay identified only two sanctions that he believed the district court should have utilized in lieu of dismissal with prejudice: (1) dismissal without prejudice; and (2) an order to show cause. But, under the circumstances, neither of those "sanctions" would serve any real purpose. Were this case dismissed without prejudice, Bay would simply re-file in district court and start the process all over again, just as though nothing had ever gone wrong. Similarly, a show cause order—in effect, an order from the district court admonishing Bay to file something to expedite proceedings—gives Bay exactly what it wants in this case: an opportunity to recommence the litigation it so long delayed, at the price of only a stern word from the district court. Neither of the alternative sanctions Bay proposes penalizes Bay for wasting the district court's time and exacerbating the loss of evidence in this case. Because Bay has not suggested a lesser sanction that would actually operate as a sanction, the district court reasonably found that dismissal with prejudice was the only means of protecting the integrity of the judicial process at this juncture.

The *Knoll* factors reasonably support the district court's decision to dismiss Bay's case under Rule 41(b). The district court's decision was, thus, not an abuse of discretion, and that court's judgment is accordingly affirmed.