NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0220n.06

Case No. 22-5696

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

FILED
May 09, 2023
DEBORAH S. HUNT, Clerk

KRISHNA PATEL; VIJAY PATEL; ACTAX
SOLUTIONS, INC,

    Plaintiffs-Appellants,

v.

TERRELL D. HUGHES, JR.; TRX SOFTWARE
DEVELOPMENT INC.,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE MIDDLE
DISTRICT OF TENNESSEE

OPINION

Before: SUTTON, Chief Judge; LARSEN and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Not long after this suit was filed, the district court administratively closed it due to the defendants' then-pending bankruptcies. In its closure order, the district court clearly stated that the parties could seek to reopen the case once they were ready. No automatic stay associated with the bankruptcies precluded the case from moving forward once the parties were ready to do so. Yet Krishna and Vijay Patel, and their company AcTax Solutions, Inc., waited six years before seeking to reopen. Once the district court reopened the case, Terrell D. Hughes, Jr. and his company, TRX Software Development, Inc., sought dismissal on several grounds, including that the Patels and AcTax had failed to prosecute it. The district court agreed and dismissed the case pursuant to Federal Rule of Civil Procedure 41(b). The Patels and AcTax appeal.

We agree with the district court that Plaintiffs were at fault for not attempting to advance their case for six years. And we agree that Defendants would suffer prejudice if the case were to be prosecuted now. So for these reasons and those set out below, we AFFIRM.

I.

The Patels and their companies, including AcTax, developed and maintained tax-preparation software, including "TaxExact." In 2007, non-party I-Link took over the task of updating TaxExact, but, according to Plaintiffs, Krishna continued to hold the copyright for the software. In 2009, Vijay met Hughes, and they discussed using Hughes's company, TRX, to sell AcTax's software. Not long after, Vijay, Hughes, and I-Link's CEO, started negotiating the sale of TaxExact to TRX. But the sale never went through. According to Plaintiffs, Hughes instead began working directly with I-Link to rebrand TaxExact as "TRX Pro." In 2012, with I-Link refusing to return AcTax's servers and source code to AcTax, Vijay filed a complaint with the police in India. After the authorities returned AcTax's servers and other property, Krishna reviewed the code and determined that a significant portion of it was the same as the 2007 version of TaxExact, for which she held the copyright.

In July 2013, the Patels and AcTax filed this lawsuit against Hughes and TRX alleging, among other things, copyright infringement. Just weeks before Plaintiffs sued, Hughes had filed for bankruptcy; and just weeks after Plaintiffs sued, TRX did the same. Although the bankruptcy proceedings triggered an automatic stay, the bankruptcy court granted relief from the stay so that this case could proceed. (R. 67-3, PageID 870, 872.)

With the automatic stay lifted, Hughes and TRX filed a motion to dismiss. The district court dismissed many of Plaintiffs' claims, but it determined that Krishna had a plausible copyright claim against TRX and that Plaintiffs should be given the chance to replead claims against Hughes

(which Plaintiffs did).  *See Patel v. Hughes*, No. 3:13-0701, 2014 WL 4655285, at *3, 9 (M.D. Tenn. Sept. 16, 2014).

The case then stalled.  Because the bankruptcy trustee was evaluating the case and possible counterclaims, Hughes, TRX, and the trustee asked the district court to stay all deadlines through January 31, 2015.  But the district court went a step further.  In December 2014, the court ordered: "Due to the pending bankruptcy for Defendants, the Clerk is directed to close this action administratively.  Upon application and notification to the Court that the parties are ready to resume proceedings in this Court, the action will be reopened."  (R. 37, PageID 616)

The district court docket then lay dormant for six years except for one motion and one order.  In May 2015, Plaintiffs' counsel filed a motion to withdraw their representation.  In their motion, counsel mistakenly stated, "Because the civil case has been administratively closed *pending resolution* of the action in Bankruptcy Court, [counsel] does not believe it can competently represent Plaintiffs' interests at the present time."  (R. 39, PageID 620 (emphasis added))  In ruling on the motion to withdraw, the district court reminded the parties that the case had been "administratively closed due to the pending bankruptcy of Defendants" and that they could reopen the case when they were "ready to resume proceedings in this Court." (R. 40, PageID 634.) Because "no party ha[d] moved that it be reopened," the court denied the motion to withdraw. (R. 40, PageID 634.)  There was no further activity in this case until January 2021.

Proceedings were progressing elsewhere, however.  In 2016 and 2017, the Patels sought relief through legal proceedings in India.  Hughes's and TRX's bankruptcies were progressing too. In 2018, the bankruptcy court issued a final decree in Hughes's case.  TRX's bankruptcy would continue until November 2020.

In 2019, the Patels filed a pro se lawsuit in a federal court in Georgia. *Patel v. Akbrudin*, No. 7:19-CV-188 (M.D. Ga. filed Nov. 12, 2019). Although the complaint is difficult to decipher, it includes allegations about Hughes's theft and infringement of the tax software and names him as a defendant. The federal court in Georgia found that the Patels' initial complaint "violate[d] several rules against shotgun pleading" but permitted them to file an amended complaint. *Patel v. Hughes*, No. 7:19-CV-188, 2020 WL 7133185, at *5, 7 (M.D. Ga. May 28, 2020). But the amended complaint was not enough of an improvement, so the court dismissed the case. *See Patel v. Hughes*, No. 7:19-CV-188, 2020 WL 7133184, at *7 (M.D. Ga. Oct. 8, 2020). It appears that Hughes hardly participated in the Georgia action (filing only a single-sentence answer to the complaint). And TRX was either not named a defendant or, if it was, never appeared.

While the Georgia action was pending, the Patels also pursued relief in TRX's still-ongoing bankruptcy proceeding. In September 2020, they initiated a pro se adversary proceeding against TRX, Hughes, and others. Several of the defendants—but not TRX or Hughes—moved to dismiss. The bankruptcy court granted those motions, and, in February 2021, it dismissed the entire proceeding. Similar to the Georgia litigation, it appears that neither Hughes nor TRX participated in the Patels' adversary proceeding.

Then, on January 8, 2021—over six years after the district court had administratively closed this case—the Patels filed a pro se motion to reopen it.[1] The district court obliged.

---

[1] While the Patels technically had counsel of record during the period of administrative closure, their attorneys effectively ended their substantive representation in 2015 or 2016. The district court, in its discretion, M.D. Tenn. L.R. 1.01, accepted the Patels' pro se filing despite its previous ruling denying their attorneys' motion to withdraw from the case. *See* M.D. Tenn. L.R. 83.01(e)(3) (providing that a party may not appear or act on their own behalf once an attorney has entered an appearance for the party). The court then allowed their counsel to withdraw once the case was reopened.

Hughes and TRX quickly filed a motion to dismiss. Pointing out that the Patels had left the case dormant for six years while they pursued similar relief in Georgia and in the bankruptcy court, Defendants sought dismissal for failure to prosecute (among other grounds).

A magistrate judge recommended dismissal for failure to prosecute, and the Patels objected. The Patels explained that they only waited so long because they were without legal counsel and remained unaware that they could resume the case until January 2021. They asserted that in January 2021 they were trying "to hire an attorney and the attorney asked [them] why they did not reopen the case in the Middle District of Tennessee instead of pursuing claims everywhere else." (R. 76, PageID 2655) This exchange apparently alerted the Patels to their ability to reopen.

The district court overruled the Patels' objections, finding in part, that the 2014 order administratively closing the case and the 2016 order denying their counsel's motion to withdraw "put[] Plaintiffs on notice of their ability to pursue their claims in this forum if they wished to." *Patel v. Hughes*, No. 3:13-CV-00701, 2022 WL 741063, at *4 (M.D. Tenn. Mar. 11, 2022). "And yet," said the district court, "Plaintiffs intentionally pursued their claims in other courts for the next roughly five years after receiving this notice." *Id.* The district court found that Plaintiffs acted willfully and showed reckless disregard for the effect of their conduct on the proceedings. *Id.* Moreover, Plaintiffs' "years-long delay" prejudiced Defendants' ability to defend the case. *See id.* Largely based on the Patels and AcTax's reckless or willful disregard for the proceedings and the resulting prejudice to Hughes and TRX, the district court dismissed the case pursuant to Federal Rule of Civil Procedure 41. *See id.* at *6.

Plaintiffs appeal.

II.

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order," a district court can dismiss the case upon the defendant's motion. But a court should only dismiss for failure to prosecute in "extreme situations" when there is "a clear record of delay" or "contumacious conduct" by the plaintiff. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736–37 (6th Cir. 2008) (internal quotation marks omitted); *see also Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997).

We review the district court's Rule 41 dismissal for abuse of discretion. *Schafer*, 529 F.3d at 736. In doing so, we consider four factors: (1) whether the plaintiff's failure to prosecute was due to "willfulness, bad faith, or fault," (2) whether the defendant was prejudiced by the plaintiff's conduct, (3) whether the district court warned the plaintiff that "failure to cooperate could lead to dismissal," and (4) whether the district court imposed, or at least considered, less drastic sanctions before dismissing the plaintiff's case. *Id.* at 737 (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

III.

A. Fault

Plaintiffs claim that the district court improperly applied the legal standard for the first Rule 41 factor. Generally speaking, the first factor favors dismissal if the plaintiff's failure to prosecute was due to "willfulness, bad faith, or fault," which includes a plaintiff's "reckless disregard for the effect of his conduct on" the district court proceedings. *See Schafer*, 529 F.3d at 737. Relying on Black's Law Dictionary, Plaintiffs argue that "reckless disregard" means "conscious[] disregard[]," and it was not until January 2021 that they were even aware that they

could reopen the proceedings. So, in their view, their six-year delay in seeking to reopen the case was not a "reckless disregard" for the proceedings.

We are unpersuaded. To start, the district court apparently rejected the Patels' assertion that they were unaware that they could reopen the proceedings. In the proceedings before the district court, the Patels advised that "the only reason" they had "wait[e]d over six years to resume the prosecution of this action [was] because [they] were not aware they could do such due to lack of legal counsel until January 2, 2021." (R. 76, PageID 2655) The district court expressly acknowledged this assertion, but nonetheless found that the Patels "willfully and deliberately chose not to prosecute their claims in this court." *See Patel*, 2022 WL 741063, at *3–4. A willful and deliberate choice is, presumably, an informed one. So the district court evidently did not credit the Patels' claim that it was not until January 2021 that they learned that the case could be reopened. We are loath to second guess the district court's credibility determinations, and Plaintiffs have not given us good reason to do so here. *See Taglieri v. Monasky*, 907 F.3d 404, 408 (6th Cir. 2018) ("While we largely read briefs for a living, [district courts] largely assess the credibility of parties and witnesses for a living.").

Even assuming that Plaintiffs did not know they could reopen the case until January 2021, they still acted with the type of fault that favors a Rule 41 dismissal. The district court's order administratively closing the case was clear: "Upon application and notification to the Court that the parties are ready to resume proceedings in this Court, the action will be reopened." (R. 37, PageID 616) Thus, both lawyer and non-lawyer would understand that the case could be reopened once "the parties [were] ready." *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (providing that pro se litigants are not entitled to increased latitude on "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer"). Also, consider the lead up

to the administrative closure: the district court had found that Krishna Patel's copyright claim was plausible and permitted Plaintiffs to restate their claims against Hughes.  In other words, both the closure order and its context made apparent that there remained viable claims to be adjudicated. Yet, as year after year passed, Plaintiffs neither asked the court about the status of their still-unadjudicated claims nor, apparently, consulted with an attorney about whether the case could be reopened.  *See Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 380 (6th Cir. 2011) (providing that where a plaintiff exhibits willfulness and fault by being "extremely dilatory in not pursuing his claim," he "indicates an intention to allow his case to lapse" (internal quotation marks omitted)).  Because both Plaintiffs' initial understanding that the case could not be reopened and their failure to verify that understanding for six years were unreasonable, we find that the district court did not misapply the law in concluding that Plaintiffs "recklessly disregarded the effect of their conduct on the proceedings," *Patel*, 2022 WL 741063, at *4.

Plaintiffs alternatively argue that "even if [they] knew they could reopen the case at any time, they could not have done so until after Defendants-Appellees' automatic bankruptcy stay lapsed."  (Doc. 21, Page 11)  They point out that TRX's bankruptcy was not complete until November 17, 2020, and the Patels sought to reopen this case on January 8, 2021—making their delay not six years but less than two months.  As such, they contend that their conduct does not amount to the type of extreme dilatory behavior warranting dismissal under Rule 41.

This argument is built on a faulty premise.  Not long after Hughes and TRX filed for bankruptcy, the parties sought and obtained relief from the automatic stay to pursue this case.  So the automatic stay associated with TRX's bankruptcy does not justify the Patels' delay in seeking to reopen this case.

In short, the district court did not err in finding that the first Rule 41 factor favored dismissal.

## B. Prejudice

We need not say much here. Because the proceedings were six years old by the time the Patels sought to reopen the case, and because the events underlying the claims were older still, it is safe to say that Defendants would suffer at least evidentiary prejudice had the district court allowed the case to proceed. *See Bay Corrugated Container, Inc. v. Gould, Inc.*, 609 F. App'x 832, 836 (6th Cir. 2015) (finding prejudice where witnesses died during a nine-year delay in the proceedings).

Plaintiffs suggest that the Georgia action mitigates this evidentiary prejudice because the discovery conducted there could be reused here. But the Georgia case never advanced past the pleading stage. *See Patel v. Hughes*, No. 7:19-CV-188, 2020 WL 7133184, at *7 (M.D. Ga. Oct. 8, 2020). So there is no discovery from that case that could have been used in this one, and the district court was right to find that the prejudice factor favors dismissal.

## C. Notice of Dismissal, Lesser Sanctions

In addition to a plaintiff's fault and a defendant's prejudice, we also usually assess whether the district court warned the plaintiff that a failure to prosecute would result in dismissal and whether it considered lesser sanctions for the plaintiff's conduct. *Schafer*, 529 F.3d at 737.

But in this case, Plaintiffs have not contested the district court's findings as to these two factors. They merely say that the district court concluded that these two factors weighed in their favor, which is not quite correct. The district court found that these two "factors d[id] not weigh in favor of dismissal." *Patel*, 2022 WL 741063, at *6. Apart from incorrectly describing the

district court's opinion, Plaintiffs say nothing else about factors three or four. So we have no reason to revisit the district court's findings as to those factors.

### D. Balance of Factors

In this case, the first two Rule 41 factors weigh heavily in the analysis. And on those fronts, the district court reasonably found both that Plaintiffs were at fault for the six-year delay and that Defendants would suffer prejudice if the case were to go forward. While a case could be made that the third and fourth factors weigh against dismissal, Plaintiffs have not made it. On balance then, the district court did not abuse its discretion in dismissing Plaintiffs' case pursuant to Rule 41.

### IV.

Apart from asserting that the district court erred in assessing the Rule 41 factors, Plaintiffs seek reversal on three other grounds, which we briefly address.

First, Plaintiffs claim that the district court erred by dismissing their case without addressing the merits of their claims, especially since it had previously found their copyright claim to be plausible. But if accepted, Plaintiffs' argument would render Rule 41(b) a nullity. In every case where a court dismisses claims for failure to prosecute, the merits of those claims are not addressed.

Second, Plaintiffs say that the district court erred in denying the Patels' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). In that motion, the Patels sought to "reopen the case based on new evidence of [a] fraudulent transfer." (*See* R. 80, PageID 2694) They also seem to suggest that because a fraudulent-transfer claim has a 10-year statute of limitations, they timely sought to reopen the case and, as to that claim, Defendants would not be

prejudiced. And the district court faulted them for a bad-faith failure to prosecute when, in fact, Defendants filed the bankruptcy proceedings in bad faith.

We discern no error. A Rule 59(e) motion "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017). Nothing suggests that the Patels discovered the evidence cited in their Rule 59 motion after the district court's Rule 41 dismissal. Nor was there any manifest injustice. To the contrary, the district court gave the Patels a chance to amend their complaint after the proceedings were reopened, but the Patels never added any claims related to the alleged fraudulent transfer to their complaint.

In their last claim of error, Plaintiffs argue that the district court deprived them of constitutional due process of law and their property by dismissing their case for failure to prosecute. They also appear to assert that because Hughes and TRX had fraudulently transferred assets of the bankruptcy estate and concealed that fraud, the district court erred in analyzing prejudice for purposes of a Rule 41 dismissal. Plaintiffs also say that the district court should have given them a chance to amend.

None of these assertions shows that the district court erred in finding that the Patels willfully or recklessly disregarded this case by not seeking to reopen it for six years. Nor do they show that the district court erred in finding that Hughes and TRX would suffer evidentiary prejudice if Plaintiffs had been allowed to proceed with their copyright claim. Given the district court's reasonable determinations of fault and prejudice, its dismissal of Plaintiffs' claims was in accordance with its "inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and thus did not deprive them of

constitutional due process. *See 3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962)). Accordingly, this claim of error does not warrant reversal.

* * *

We AFFIRM.