*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 05a0369p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

TUNG-HSIUNG WU (SEAN TUNG-XIUNG WU),
                              *Plaintiff-Appellant,*

v.                                                No. 04-2102

T.W. WANG, INC. d/b/a WORLD JOURNAL USA,
                              *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Bay City.
No. 03-10187—David M. Lawson, District Judge.

Submitted: July 7, 2005

Decided and Filed: August 26, 2005

Before: GUY, BATCHELDER, and GILMAN, Circuit Judges.

---

### COUNSEL

**ON BRIEF:** Eric C. Grimm, CALLIGARO & MEYERING, Taylor, Michigan, for Appellant.

---

### OPINION

---

RONALD LEE GILMAN, Circuit Judge. Tung-Hsiung Wu (Sean Wu) sued T.W. Wang, the publisher of World Journal, for false-light invasion of privacy in August of 2003. World Journal submitted a stipulated order to the district court in March of 2004, seeking to stay the proceedings pending the outcome of a related case in Taiwan. Assuming that the order would be entered, World Journal did not file an answer to Wu's complaint and Wu did not seek a default judgment against World Journal. The district court, however, took no action on the proposed order. Instead, on the basis of its prior order to show cause why the case should not be dismissed for failure to serve process, it dismissed Wu's lawsuit. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.

### I. BACKGROUND

Wu, a professor and businessman, filed suit against World Journal in August of 2003, alleging that the newspaper had falsely reported that he was a felon and an adulterer. In February of 2004, the district court issued an order to show cause why the case should not be dismissed for failure to properly serve the summons and complaint on World Journal. Wu's attorney, Eric Grimm, filed a response to the court's order several days later, stating that counsel for World Journal had

1

accepted the summons and complaint in August of 2003. Grimm also stated that the defendant had agreed to file an answer on or before March 31, 2004 rather than filing a waiver of service or a declaration with the court.

In March of 2004, before the answer was due, counsel for World Journal submitted a stipulated order to the district court that would stay the proceedings pending the resolution of a related case that was being litigated in Taiwan. The parties sought the stay because they believed that the outcome of the Taiwanese proceedings would have an impact on the present case. Assuming that the stay would be granted, World Journal did not file an answer and Wu did not seek a default judgment.

World Journal's attorneys, according to Wu's brief on appeal, contacted the district court clerk's office on at least eight occasions regarding the status of the stipulated order. The court, however, never responded one way or the other. Instead, with no further warning, the court entered an order in July of 2004 dismissing Wu's lawsuit without prejudice. The order stated that

> [t]he plaintiff filed a response on February 11, 2004 stating that he expected an answer by the defendants to be filed on or before March 31, 2004, and that he had no intention of seeking a default or default judgment. However, no action has been taken in the matter since February 11, 2004, and no proof of service of the summons and complaint on the defendant has been filed.

Wu then filed a motion for relief under Rule 60 of the Federal Rules of Civil Procedure, seeking to have his lawsuit reinstated in light of the parties' proposed stipulated order to stay the proceedings that had been submitted in March of 2004. World Journal did not oppose this motion for relief. The district court nevertheless denied Wu's motion, ruling that "the plaintiff [had] failed to proceed." It explained that,

> [a]lthough the parties in this case sought to stay the matter, the Court did not agree and an order staying the case was not entered. The Court's decision not to stay the case and its show cause order provided the plaintiff with a clear indication that he needed to proceed with his case or it would be dismissed.

This timely appeal, in which World Journal has elected not to participate, followed.

## II. ANALYSIS

### A.     Standard of review

We apply the abuse-of-discretion standard when reviewing a district court's decision to dismiss a lawsuit for failure to prosecute. *Little v. Yeutter*, 984 F.2d 160,162 (6th Cir. 1993). The dismissal of "a claim for failure to prosecute 'is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614-15 (6th Cir.1998) (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

### B.     The district court erred in dismissing Wu's lawsuit for failure to prosecute

We consider four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). These factors have been applied "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.* 110 F.3d 364, 367 (6th Cir. 1997).

### 1.    *Willfulness, bad faith, or fault*

For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (citation and quotation marks omitted) (alteration in original). Wu's conduct in failing to seek a default or default judgment prior to the date when the parties had agreed that the answer was due did not rise to that level. Rather, Wu and his attorney were relying on the fact that a stipulated order to stay the proceeding was pending before the district court and on the parties' mutual belief that the order would be entered. Even if this reliance was unreasonable or unwarranted, as the district court concluded, it was not motivated by bad faith, willfulness, or fault. *See id.* at 592 (holding that the "[p]laintiff's failure to file proper discovery requests does not necessarily indicate a stubborn effort to delay trial").

### 2.    *Prejudice*

The second factor that the court must consider is "whether the adversary was prejudiced by the dismissed party's conduct." *Knoll*, 176 F.3d at 363. *See Harmon*, 110 F.3d at 368 (holding that the defendant was prejudiced by the plaintiff's failure to cooperate in discovery because the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide"). Here, World Journal as the defendant is the party seeking to stay the proceedings and consequently could not have suffered any prejudice as a result of Wu's reliance on World Journal's own proposed order. Moreover, the fact that World Journal is not opposing Wu's efforts to reinstate the lawsuit indicates that it has no claim of prejudice resulting from Wu's failure to prosecute.

### 3.    *Fair warning*

This court has repeatedly "reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). Here, the district court did not provide the required notice. Although the court explained that its "decision not to stay the case and its show cause order provided the plaintiff with a clear indication that he needed to proceed with his case or it would be dismissed," the court did not notify either party of its decision regarding the proposed stipulated order to stay the proceedings. Its lack of response to the proposed stay order is hardly a "clear indication" that it intended to dismiss Wu's case if he did not take further action.

The show-cause order, which the district court issued before World Journal submitted its proposed stipulated order, required only that the plaintiff show cause why the case should not be dismissed without prejudice for failure to serve process. Wu's attorney filed a response to the show-cause order nine days later. The district court did not notify the parties that the response was inadequate or that any further action was required. Thus, the show-cause order was at that point insufficient to provide notice that the case might be dismissed. *Harris*, 844 F.2d at 1256 ("[I]n the absence of notice that dismissal is contemplated[,] a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'").

### *4.        Alternative sanctions*

This court has held that "[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 589 (citation and quotation marks omitted) (emphasis in original).  In *Little v. Yeutter*, 984 F.2d 160 (6th Cir. 1993), this court addressed the competing concerns regarding whether a district court should dismiss an action for failure to prosecute:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims.  On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations . . . .

*Id.* at 162 (citations omitted).

The situation in the present case was not extreme.  Instead, Wu's lack of action was the result of an innocent misunderstanding caused by the district court's failure to properly communicate its intentions to the parties.  Nor did the district court consider the imposition of less severe alternative sanctions before dismissing the case.  In sum, we conclude that the district court abused its discretion in dismissing Wu's complaint for failure to prosecute.

## III.  CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this opinion.