**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0233n.06

Case No. 13-6315

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| PRIME FINISH, LLC, | ) | |
| | ) | **FILED** |
| Plaintiff, | ) | Mar 30, 2015 |
| | ) | DEBORAH S. HUNT, Clerk |
| and | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CAMEO, LLC, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Intervening Plaintiff-Appellant, | ) | |
| v. | ) | |
| | ) | |
| ITW DELTAR IPAC, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, SILER, and CLAY, Circuit Judges.

**SILER**, Circuit Judge. Intervening Plaintiff Cameo, LLC appeals the district court's dismissal of its action and denial of the subsequent Rule 60(b) motion. For the reasons stated below, we **REVERSE** and **REMAND** for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I. Cameo's Intervention and First Appeal to this Court**

In 2008, Prime Finish, LLC filed suit against Defendant ITW Deltar IPAC ("ITW") in state court, alleging breach of a product-supply agreement between the two parties and claiming

compensatory damages and an early-termination penalty specified in the agreement. After the case was removed to federal court, Cameo filed an intervening complaint alleging that the early-termination penalty should be paid by ITW directly to Cameo.

The district court found that Cameo lacked standing to sue ITW and granted summary judgment in favor of ITW.[1] On appeal, this court ruled that Cameo had standing to sue as an intended creditor beneficiary under the product-supply agreement. *Prime Finish, LLC v. Cameo, LLC*, 487 F. App'x 956, 962 (6th Cir. 2012). We therefore reversed and remanded for further proceedings. *Id*. at 963.

## II.    Cameo's Failure to Comply with the District Court's Orders on Remand

Although this court ruled that Cameo had standing to sue, we also found that "Prime Finish retained the right to collect [the early-termination penalty], and ITW would not be justified in paying Cameo directly." *Prime Finish, LLC v. Cameo, LLC*, 487 F. App'x 956, 963 (6th Cir. 2012). In light of that ruling, and the fact that Cameo's intervening complaint appeared to rely on the notion that ITW should pay the penalty directly to Cameo, the district court ordered on remand "that Cameo and ITW shall file, within fifteen days of the date of the entry of this order, status reports addressing what claims, if any, still exist in this action, as well as a proposal for their resolution, with suggested deadlines."

ITW filed a timely status report arguing that Cameo lacked a viable claim on remand. Cameo's counsel, citing "irreconcilable differences" with Cameo, filed a motion to withdraw and a motion for an extension of time while Cameo procured new counsel. On August 29, 2012, the district court granted the motion for an extension. Cameo was given roughly twenty-six days to obtain new counsel and fourteen additional days to file a status report. In a separate order

---

[1] Shortly before the summary judgment ruling, the district court entered an agreed order dismissing all claims between Prime Finish and ITW.

entered on August 30, the district court granted Cameo's existing counsel leave to withdraw and ordered future counsel to "enter their appearance and be prepared to cooperate in establishment of a new scheduling order within 30 days after the date of this Order."

Cameo missed both the deadline for new counsel to file a notice of appearance and the deadline for a status report. Cameo's new counsel filed his notice of appearance on October 3, four days late. On October 31, the district court entered a new order, which read as follows:

> This matter is before the court on the failure of Cameo, LLC, the intervening plaintiff, to submit a status report pursuant to the court's order of August 29, 2012. IT IS ORDERED that, within seven days of the date of entry of this order, Cameo shall file a status report as described by the court in its order of August 10, 2012. Failure to file a status report may result in dismissal of this action.

Cameo did not file a status report or any kind of response, so on November 15 the district court entered a show-cause order:

> IT IS ORDERED that within seven days of the date of entry of this order Cameo, LLC, shall SHOW CAUSE for its failure to comply with the court's order of October 31, 2012. Should Cameo fail to respond or to properly show such cause, the court will dismiss with prejudice any interest Cameo may have in this action and close this case.

Cameo filed its status report and a separate response to the show-cause order on November 20.

In response to the show-cause order, Cameo's new counsel could not offer any explanation beyond admitting his failure to note the court's order of October 31. Counsel denied that the failure was intentional. As evidence of his good faith, he noted that he had reached out to opposing counsel on November 7 in an effort to reach an agreement on a new scheduling order. Cameo's status report reiterated counsel's attempt to confer on a new scheduling order and briefly outlined Cameo's view of what additional depositions were needed to complete

discovery. The status report did not directly address the continued viability of any claim in Cameo's intervening complaint.

### III.    Dismissal of Claims and Denial of Motion to Reconsider

On December 3, 2012, the district court issued an order dismissing Cameo's action with prejudice. After reviewing the sequence of past orders, the district court noted that Cameo's explanation for the failure to comply with the court's October 31 order made no reference to the August 10 and August 29 orders. Any of those three orders should have been sufficient to put counsel on notice, and "[a] cursory review of the docket sheet should have revealed to Cameo's new counsel, upon his entry of appearance, of his obligations on Cameo's behalf that he has still failed to meet." The district court also noted that Cameo was still noncompliant with the August 10 order because "the status report it filed does not in any way address what claims remain in this action." The district court concluded:

> Because Cameo has failed to comply with the court's orders over a period of nearly four months, because it has failed to show any reasonable cause for its noncompliance, because it still has yet to assert that there are any reasonable claims remaining that it may pursue in this action, and the court having provided appropriate notice to Cameo pursuant to FED. R. CIV. P. 83(b), the court will dismiss this action with prejudice.

Cameo filed a "Motion for Reconsideration" under Rule 60(b)(1) and (6). In the motion, Cameo's new counsel conceded that "[t]he only order seen by the undersigned attorney applying to his responsibilities upon entry of the case" was the August 30 order granting the motion to withdraw and ordering new counsel to make an appearance and cooperate in the creation of a new scheduling order.[2] Counsel also conceded that he had not made even a cursory review of the docket prior to the show-cause order, but pleaded for leniency by attesting to his thorough

---

[2] Cameo's new counsel did not obtain this order by reviewing the electronic docket, but instead received it in a forwarded email from Cameo's principal owner.

review of the substantive aspects of the case. Cameo requested that the district court "excus[e] the neglect of the undersigned counsel in failing to observe the Court's Order," arguing that "[t]he undersigned counsel was not engaging in willful misconduct or disrespect to the Court, or bad faith seeking to prejudice the adversary."

While the district court[3] found that Cameo had "appropriately cite[d] excusable neglect as its ground for relief," it also found that "[w]hen out-and-out lawyer blunders, e.g., attorney inaction, are the claimed excusable neglect, Rule 60(b)(1) is not an appropriate method for granting relief." And since Cameo's argument of excusable neglect was covered by Rule 60(b)(1), the district court found that the catch-all provision of Rule 60(b)(6) did not apply. The district court went on to find that "no new evidence, law, or excuse for failing to observe the prescribed guidelines has been cited," and that Cameo was "in actuality seeking review of a fully-informed decision." Accordingly, the district court denied the motion and upheld the original order of dismissal.

## DISCUSSION

### I. The district court's dismissal with prejudice under Rule 41(b)

Fed. R. Civ. P. 41(b) codifies the district court's power to dismiss an action for failure "to prosecute or to comply with these rules or a court order."[4] We review a district court's dismissal for failure to prosecute under an abuse of discretion standard. *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008).

In *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962), the Supreme Court upheld a district court's *sua sponte* dismissal of a case for failure to prosecute. The precipitating event for the

---

[3] After Cameo's action was dismissed, the presiding district judge retired, and the case was reassigned.

[4] The district court did not cite Rule 41(b) in its order of dismissal, yet Rule 41(b) clearly applies to the circumstances of the dismissal and Cameo concedes that "the matter is akin to a dismissal for failure to prosecute."

dismissal was the failure of counsel to appear at a pretrial conference, *id*. at 627–29; however, the Court explicitly couched its affirmance within the context of earlier delays in the litigation. *Id*. at 628 n.2, 634–35. "This obviously amounts to no broader a holding than that the failure to appear at a pretrial conference may, in the context of other evidence of delay, be considered by a District Court as justifying a dismissal with prejudice." *Id*. at 635. *See also Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991) (noting the limits of the holding in *Link*).

"[A]lthough the *Link* principle remains valid, we have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client." *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1095 (6th Cir. 1994) (internal citation omitted) (quoted in *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "This court has been 'reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court.'" *Knoll*, 176 F.3d at 363 (6th Cir. 1999) (quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992)). In reviewing the district court's dismissal under Rule 41(b), we consider four factors in particular: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned in advance about the possibility of dismissal for noncompliance or non-cooperation; and (4) whether less drastic sanctions were imposed or contemplated before the order of dismissal. *Schafer*, 529 F.3d at 737.

### a.  Willfulness, Bad Faith, or Fault

Prior decisions of this circuit have often treated the first factor as the most important consideration: "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363. *Accord Freeland v. Amigo*, 103 F.3d 1271,

1277 (6th Cir. 1997) ("[A]bsent a clear record of delay or contumacious conduct, an abuse of discretion occurs if the district court dismisses an action with prejudice."); *Patterson v. Grand Blanc Twp.*, 760 F.2d 686, 689 (6th Cir. 1985) (reversing a dismissal with prejudice in the absence of a "clear record of delay or contumacious conduct by the plaintiff"); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should only order in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff.") (internal quotation marks omitted). While "willfulness, bad faith, or fault" have often been described in these terms of "a clear record of delay or contumacious conduct," that construction has more recently been supplemented by a requirement of "either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

On the facts before us, there is no suggestion of any contumacious conduct, no clear record of delay, and no intent——deliberate or reckless—to thwart ongoing judicial proceedings. The facts suggest only the negligent failure of replacement counsel to give his new client's case the care and attention it deserved. *Cf. Stough v. Mayville Comm. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) ("Although it is true that at least one [filing] was over one month late, this fact standing alone does not indicate either bad faith or contumacious conduct.").

### b. Prejudice

ITW argues that the second factor, prejudice to the party adversary, is present on these facts because ITW does "not know[ ] what, if any, claims it needs to be prepared to defend." While it is true that ITW does not have notice of Cameo's remaining claims, that fact alone does not demonstrate prejudice because at the time of the dismissal the parties did not even have a

scheduling order, let alone a pressing pre-trial deadline. ITW, having submitted its own status report in a timely fashion, was merely waiting for the district court to make a determination about how to proceed with litigation on remand. Given the posture of the case, ITW was not "required to waste time, money, and effort" as a result of Cameo's failure to comply. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (holding that defendant was prejudiced because "it was also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide"). Nor is there any indication that this delay has compromised ITW's access to evidence or ability to defend itself at a later date if Cameo receives a new opportunity to elucidate the nature of its claims.

### c. Prior Notice

As to the third factor, "[p]rior notice, or the lack thereof, is . . . a key consideration when determining whether a district court abuses its discretion in dismissing a case pursuant to Rule 41(b)." *Stough*, 138 F.3d at 615. "This court has repeatedly reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (internal quotation marks omitted). It cannot be disputed that in this case the district court's orders of October 31 and November 15 placed Cameo on notice of possible dismissal for noncompliance.

### d. Alternative Sanctions

As to the fourth factor, "[t]his court has held that the sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Id.* at 644 (internal quotation marks omitted). "Such caution is necessary because where the district court has not manifested consideration of

less drastic sanctions, it is more difficult . . . to conclude that the district court exercised its discretion with appropriate forethought." *Schafer*, 529 F.3d at 738 (internal quotation marks omitted). Here, there is no indication that the district court contemplated any sanction other than the harshest one at its disposal. With the litigation having been effectively "reset" by the reversal on appeal and subsequent remand, and with the entry of new counsel unfamiliar with the history of the case, it seems highly probable that a less severe sanction targeted directly at the negligent counsel could have protected the integrity of the pretrial process while allowing the case to move forward.

### e. Combined Weight of Factors

A review of the factors above finds that three factors weigh against the district court's sanction of dismissal with prejudice, while one factor weighs in favor of the dismissal. While sufficiently contumacious conduct may justify dismissal even in the absence of the other three factors, *see Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 366 (6th Cir. 1999) (dispensing with a full analysis after a finding of contumacious conduct), neither precedent nor common sense points toward affirmance of a dismissal based solely on the factor of prior notice. While the district court's frustration is understandable, we cannot countenance its failure to consider whether a lesser sanction might properly balance the need for adherence to judicial orders with the desire to provide parties with a full and fair opportunity to have their cases decided on the merits. "In the absence of such consideration, and 'in the absence of contumacious conduct, an alternate sanction that would protect the integrity of pretrial procedures should be utilized rather than dismissal with prejudice.'" *Harmon*, 110 F.3d at 368 (quoting *Freeland*, 103 F.3d at 1280).

**CONCLUSION**

For the reasons stated above, we **REVERSE** the district court's dismissal of the intervening plaintiff's claim and **REMAND** for further proceedings. Because the district court's initial decision to dismiss the claim was reversible error, we do not reach the appellant's other assignment of error.