NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0239n.06

Case No. 21-1635

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jun 15, 2022
DEBORAH S. HUNT, Clerk

JOSHUA COWLEY,

    Plaintiff-Appellant,

v.

PRUDENTIAL SECURITY, INC.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: McKEAGUE, NALBANDIAN, and READLER, Circuit Judges.

NALBANDIAN, Circuit Judge. In 2019, Joshua Cowley sued Prudential Security, Inc., in the Eastern District of California. But Prudential got the case transferred to the Eastern District of Michigan. Not too long afterwards, the Eastern District of Michigan issued a notice instructing the parties' counsel to file appearances. The notice advised that attorneys must be admitted to practice in their new venue before they can appear on the docket. And so Cowley's legal team set out to find a local lawyer to sponsor their admission. But they took an awfully long time going about it, and several months went by without an appearance and without any communication to the trial court. Believing that Cowley had abandoned the litigation, and without warning, the district court dismissed the case without prejudice for failure to prosecute. But the district court's brief order did not address our circuit's four-factor test for dismissal for failure to prosecute.

Cowley appeals. Given the deference we owe to district courts in matters of docket management, we REMAND so the court can reconsider its order and make findings under our four-factor test in the first instance.

I.

Joshua Cowley worked for Prudential as a security guard. In 2019, he filed a putative class action in the Eastern District of California, alleging violations of the Fair Labor Standards Act (FLSA) and a collection of California wage and hour laws. He claimed that Prudential underpaid its security guards and denied them meal and rest periods.

Skip ahead to July 2020, and Prudential moved to transfer the case to the Eastern District of Michigan. The court granted that motion several months later, in January 2021. Sometime between January and March, Cowley's counsel called the Eastern District of Michigan to find out when the docket would open in their new venue. But the clerk's office did not provide a specific date.

The Eastern District of Michigan opened the docket on March 3, 2021. And on that same day, it issued a text-only notice. It explained, without specifying deadlines:

> This case has been transferred from the Eastern District of California. Pending motions must be refiled on this court's docket by the filing party. Attorneys not admitted to practice in this court must complete the attorney admissions application and be admitted before appearing on this court's docket. All previously filed documents can be accessed on the originating court's docket using PACER.

To comply with local rules, Cowley, whose counsel was not a member of the State Bar of Michigan, was required to "specify as local counsel a member of the bar of [the Eastern District of Michigan] with an office in the district." E.D. Mich. LR 83.20(f)(1). Cowley claims he "ramped up his search for local counsel in earnest" almost two weeks after receiving the district court's

notice, beginning on March 15, 2021. (R. 12, Reply in support of Mot. for Relief from Dismissal, PageID 129.) Of course, Cowley had known about the transfer as early as January.

Three months passed without any updates from Cowley's counsel. On June 11, 2021, the district court dismissed the action without prejudice for failure to prosecute. The court issued a three-sentence order finding that "[t]he parties ha[d] clearly abandoned the litigation." (R.4, June 11, 2021 Order, PageID 10.) Even though the dismissal was without prejudice, it created some issues for Cowley as a practical matter. That's because the FLSA's two-year statute of limitations narrows his claim significantly. *See* 29 U.S.C. § 255(a) ("[E]very such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."). The timing of the dismissal would cabin Cowley's damages and require him to reckon with a willfulness requirement as well.

Cowley, having located local counsel, followed up with a Rule 60(b)(1) motion for relief from dismissal. He claimed, despite his months-long radio silence, that his California counsel had worked diligently to pin down local counsel. As Cowley put it, his lawyers spent several weeks "engaging in diligent efforts to research and obtain referrals" before eventually reaching out to potential counsel in April 2021. (R. 6, July 2, 2021 Mot., PageID 17.) Negotiations allegedly lasted a couple months for some reason, and Cowley finally sealed the deal at the tail-end of June 2021. But in September 2021, the district court denied Cowley's motion for relief from dismissal. And so Cowley appealed.

## II.

We review the decision below for abuse of discretion. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Under that standard, we reverse only if the district court relied on a

clearly erroneous finding of fact, improperly applied the law, or used an erroneous legal standard. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008).

When evaluating Rule 41(b) dismissals for failure to prosecute, we apply a four-factor test. More specifically, we must consider "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

A court need not find that all factors weigh in favor of dismissal in order to dismiss. *See, e.g.*, *Schafer*, 529 F.3d at 740 (three of four factors sufficient). And we have held that the factors apply "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). Both of these considerations make this a close case. We sympathize with district courts who manage busy dockets and are cognizant of the deference that we owe them in that management. After all, district courts have inherent power to police their dockets. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Though we are mindful of the deference owed to district courts in matters of docket management, it is difficult to say from the court's short order whether it made a clearly erroneous fact finding or improperly applied the law. *Schafer*, 529 F.3d at 736. So we think it best to send this case back to the district court for it to reconsider its order with some guidance.

Under the first factor of our test, we have emphasized—even where the dismissal was without prejudice—that "[t]he dismissal of 'a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Wu*, 420 F.3d at 643 (quoting *Stough v. Mayville Cmty. Schs.*, 138 F.3d

4

612, 614-15 (6th Cir. 1998)). Contumacious conduct means "stubbornly disobedient and willfully contemptuous." *Harmon*, 110 F.3d at 368. Or put another way, the court should ask, before choosing to dismiss the case: Did Cowley "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings"? *Schafer*, 529 F.3d at 737 (quoting *Wu*, 420 F.3d at 643). While counsel's conduct was dilatory, the facts here seem to fall a bit short of this bar. But the district court might see it differently, in which case we would review any such finding for clear error.

The court must also consider prejudice. When considering prejudice, we normally look to whether the non-dilatory party "waste[d] time, money, and effort in pursuit of cooperation which [it] was legally obligated to provide." *Harmon*, 110 F.3d at 368. Prudential contends that because this is a wage and hour action, the potential damages continued to grow with every delay. On the other hand, Prudential did not enter an appearance either, and Cowley's counsel represented below that the parties continued to negotiate a settlement during the period Cowley let the docket sit idle.

And as to the third and fourth factors, the district court did not issue a warning or "consider the imposition of less severe alternative sanctions before dismissing the case." *Wu*, 420 F.3d at 644-45. But because no parties had appeared on the docket, a dismissal without prejudice may have been the least severe sanction the court could have imposed at the time. Now that the parties have appeared, however, the court remains free to consider Cowley's conduct, and any prejudice it caused to Prudential, in fashioning an alternative sanction less severe than dismissal should it conclude that dismissal is not appropriate under the test set out above.

III.

We VACATE the district court's order dismissing the case for lack of prosecution and REMAND for reconsideration consistent with this opinion.