NOT RECOMMENED FOR PUBLICATION
File Name: 23a0141n.06

No. 22-1760

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 22, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| JOSHUA COWLEY, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| PRUDENTIAL SECURITY, INC., | ) ) | |
| Defendant-Appellee. | ) ) ) | |

Before: McKEAGUE, NALBANDIAN, and READLER, Circuit Judges.

**NALBANDIAN, Circuit Judge.** Joshua Cowley filed suit in the Eastern District of California back in 2019. That case got transferred to the Eastern District of Michigan. Based on a lack of activity in the docket, the district court dismissed the case without prejudice for failure to prosecute in a three-sentence order. Cowley appealed the dismissal, and we sent the case back down for the district court to "reconsider its order with some guidance." Because the district court explained its reasoning this go-around and that reasoning shows the dismissal isn't an abuse of discretion, we affirm.

**I.**

Cowley was a security guard for Prudential. He thought that he and his fellow security guards were underpaid and poorly treated. So he filed a putative class action against Prudential in the Eastern District of California. *See Cowley v. Prudential Sec., Inc.*, Case No. 21-1635, 2022 WL 2160671, at *1 (6th Cir. June 15, 2022). He alleged violations of the Fair Labor Standards Act

and California wage and hour laws. *See id.* Prudential moved to transfer the case to the Eastern District of Michigan, and the court granted that motion in January 2021. *See id.*

The Eastern District of Michigan opened the docket in March 2021 and explained that "[a]ttorneys not admitted to practice in this court must complete the attorney admissions application and be admitted before appearing on this court's docket." *See id.* On top of this requirement, Cowley had to comply with local rules. Under those rules, Cowley's counsel had to "specify as local counsel a member of the bar of [the Eastern District of Michigan] with an office in the district" because he was not a member of the State Bar of Michigan. E.D. Mich. LR 83.20(f)(1).

But from March to June, there was radio silence on the docket. So on June 11, the district court dismissed the action without prejudice for failure to prosecute. *Cowley*, 2022 WL 2160671, at *1. The court explained that because no lawyers had "filed appearances in the case and no party ha[d] taken any action" it would "dismiss . . . for lack of prosecution" under Federal Rule of Civil Procedure 41(b). (R. 4, June 11 Order, p. 1.) The district court thought that the parties "ha[d] clearly abandoned the litigation" and that it would be "futile . . . to contemplate a show cause order[.]" (*Id.* at 1 & n.1.)

Weeks after, Cowley filed a Rule 60(b)(1) motion for relief from dismissal, explaining that dismissal would mean that some of his claims would be time-barred. The district court denied that motion, and Cowley appealed.

We said that although Cowley's counsel had been dilatory, the brevity of the district court's three-sentence order prevented us from determining whether the district court had abused its discretion in dismissing. We then remanded to allow the district court to reconsider its decision. *Cowley*, 2022 WL 2160671, at *3.

Next, the district reconsidered. And it came to the same conclusion—but with the reasoning that was missing the first go-around: Rule 41(b) dismissal was warranted. Cowley now appeals.

## II.

Rule 41(b) allows a district court to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order[.]" Fed. R. Civ. P. 41(b); *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). And we review a district court's Rule 41(b) dismissal for an abuse of discretion. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). That means we'll only reverse a Rule 41(b) dismissal "if we have a definite and firm conviction that the trial court committed a clear error of judgment." *Id.* (citing *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989)).

As the district court acknowledged, the court evaluates four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)).

First factor first. When a plaintiff "display[s] . . . a reckless disregard for the effect of his conduct on th[e] proceedings," the first factor favors dismissal. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (cleaned up). The district court found that the first factor worked against Cowley because Cowley's counsel "showed 'a reckless disregard for the effect of his conduct on [the] proceedings' by failing to appear for four months." (R.18, District Court Order, p. 3 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)).)

We see no reason to disturb that finding. Cowley's counsel knew in January 2021 that the case would be transferred to Michigan. And from the time the docket was opened in March to the time the case was dismissed in June, Cowley's counsel said not a word. Counsel didn't appear on the docket, nor did counsel reach out to the district court about trouble finding local counsel. In fact, counsel only informed the district court of its difficulty finding counsel in its Rule 60(b) motion for relief from dismissal after the district court had dismissed under Rule 41(b). So we see no abuse of discretion in the district court's finding here. *See Coston v. Detroit Edison Co.*, 789 F.2d 377, 378–79 (6th Cir. 1986) (per curiam) (explaining that counsel's failure to appear supported dismissal under Rule 41(b)); *cf. Link v. Wabash R.R.*, 370 U.S. 626, 633, 636 (1962) (declining to find that the district court abused its discretion in dismissing for failure to prosecute based on counsel's dilatory conduct and explaining that "the telephone excuse offered by petitioner's counsel was inadequate to explain his failure to attend" a pretrial conference).

On to the second factor. The district court found that Cowley's counsel prejudiced Prudential by failing to appear on the docket. The district court found that Cowley's "months-long delay prejudiced" Prudential because "[d]amages . . . could increase each day" in a case like this. (R.18, District Court Order, p. 4); *see* 29 U.S.C. § 216(b). The district court noted that although Prudential also failed to appear, it was Cowley's burden to prosecute the case. So the district court held that the second factor also worked in favor of dismissal.

We agree. The prejudice here is clear. The racking up of damages and the delay here count against Cowley. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (explaining that the "waste [of] time, money, and effort" on the part of the requesting party can constitute prejudice).

Now the third factor—whether the district court warned before dismissing. The district court acknowledged that it had failed to warn Cowley that failure to prosecute would lead to dismissal. The district court said that it hadn't warned because it "believed that a show cause order—or any order requiring a party response—would have been futile since no attorney had appeared in the case." (R.18, District Court Order, p. 5.) Even so, the district court found that its failure to warn worked against dismissal. Cowley, for obvious reasons, agrees with the district court that failure to warn of dismissal works in his favor. Since we typically require some kind of warning before dismissal, we won't disturb the district court's finding on this factor. *See Knoll*, 176 F.3d at 362.

On to the fourth factor. The district court explained that it thought other lesser sanctions would have been "futile" because no parties had even appeared in the case. (R.18, District Court Order, p. 5.) So it didn't even have a party on which to serve a show-cause order. While a district court should consider whether there are other options besides dismissal, *Knoll*, 176 F.3d at 363, we don't require a district court to list off or provide every "available lesser sanction[]," *Schafer*, 529 F.3d at 738 (citation omitted). And the district court did give a lesser sanction than a final dismissal. It dismissed without prejudice—so Cowley had a "second chance to file his complaint." *Id.* at 740. And indeed Cowley did file a second complaint. That litigation is ongoing before the same district court.

Cowley argues that dismissal without prejudice has consequences here where the statute of limitations now prevents recovery on some claims if we allow the dismissal to stand. But Cowley doesn't cite a case where we've required a district court to serve a show-cause order to a party that hasn't appeared on the docket. We decline to impose such a requirement. And we hold that the district court didn't abuse its discretion on this factor either.

5

With three factors working against Cowley, we can't say it was an abuse of discretion for the district court to dismiss.

For these reasons, we AFFIRM.