NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0366n.06

No. 20-1067

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Aug 09, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* STACY ERWIN OAKES, | ) ) ) | |
| Relator-Appellant, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| CINNAIRE, et al, | ) | OPINION |
| Defendants-Appellees. | ) ) ) | |

Before: BATCHELDER, COLE, and NALBANDIAN, Circuit Judges.

**NALBANDIAN, Circuit Judge.**  Michigan attorney Stacy Erwin Oakes filed a qui tam complaint alleging False Claims Act ("FCA") violations against a series of defendants.  Despite filing many motions, she never served summonses on the defendants.  The district court warned her that failure to serve would result in the dismissal of her claims for want of prosecution.  Still, she did not serve the defendants.  So the court dismissed her claims.  She appeals that decision, claiming that the district court erred in dismissing her case and in denying her Rule 59(e) motion.  Because the district court did not abuse its discretion in dismissing her case and because Erwin Oakes has not shown that she qualifies for relief under Rule 59(e), we AFFIRM.

**I.**

Michigan attorney Stacy Erwin Oakes filed a qui tam complaint on November 11, 2018.  She claimed that defendants Cinnaire, Michigan State Housing Authority, PNC Bank, National

City Community Development Corp., Fifth Third Bank, and Commercial Alliance (collectively, "defendants") violated the FCA. Specifically, she alleged that the defendants had made a series of false statements related to a housing development project in order to obtain federal funds and low-income housing tax credits. She also alleged that her personal residence was one of the properties involved.

The United States investigated Erwin Oakes's complaint but declined to intervene. Still, Erwin Oakes proceeded as a qui tam relator, filing a series of motions. These included motions to amend her complaint, for instance, by adding parties and by incorporating additional filings. They also included requests for delays and a Temporary Restraining Order. And she filed a "Notice of Removal" for a related Michigan state-law suit.[1]

Because of her failure to serve process on any defendant, which was exacerbated by her repeated and confusing filings, Erwin Oakes's case made little progress in its first year. The court rejected many of her motions, including her notice of removal. The district court remanded the Michigan suit to the state courts because there was no basis for federal jurisdiction under 28 U.S.C. § 1446(b)(1). (R. 49, Page 4; PageID 2159).[2] As a result, the case was partially remanded to Michigan state court. In November 2019, the court instructed Erwin Oakes to show cause why her case should not be dismissed for failure to prosecute, noting that she had not even requested summonses be served on the defendants. Erwin Oakes finally requested summonses from the court to notify the defendants of her planned lawsuit, which the court issued on November 20. She never served the defendants.

---

[1] The district court found several of these filings to have been improperly made.

[2] The court lacked jurisdiction to hear the case because only a defendant may remove a civil action. 28 U.S.C. § 1446. And the court also noted that the attempted removal was "grossly untimely." (R. 49, Page 4; PageID 2159).

Still, Erwin Oakes returned to filing motions. She asked the court to reconsider its partial remand of her state-law claims. And she moved that it allow her to withdraw as counsel and grant time to retain counsel. She also requested relief from serving summonses. The court denied these motions, and again asked Erwin Oakes to show cause why her case should not be dismissed for failure to prosecute. The court noted that in the absence of a showing of good cause, it generally "must dismiss without prejudice any civil action in which service of process is not completed within 90 days after commencement of the litigation." (R. 66, Page 2; PageID 2362). And that time, even excluding extensions granted by the court, had "long since expired." (*Id.*). Erwin Oakes responded that she had discovered that she was "identified as a Defendant," and needed to withdraw as counsel in order to prevent harm to the plaintiffs. (R. 72, Page 6; PageID 2439).[3] And she argued that the court had inaccurately identified Michael L. Oakes ("Michael") as a party to the case and that a dismissal risked prejudicing Michael's potential future claims.

The district court was unconvinced. It found that Erwin Oakes had "not established good cause for [her] failure to complete service, nor [had she] offered any good grounds for any further delay of the proceedings."[4] (R. 75, Page 2; PageID 2459). Even if Michael had been improperly identified as a party, the court found that this did not explain the lack of service, since Michael was

---

[3] Erwin Oakes has asserted that she may be a defendant in the case. (See R. 72, Page 6; PageID 2439). She claims that the IRS has identified her as the holder of a Tax Identification number that is associated with fraudulent IRS forms, though she claims that the defendants in this case were in fact responsible, as they were "illegally using [Erwin Oakes] as the uninformed straw owner of tax exempt bond projects subsidized with CDBG funds." (R. 64, PageID 2342, 2346; Pages 4, 8.) The district court denied her motion to withdraw as counsel, finding she had failed to identify "any comprehensible basis" for the position that she was in fact a "necessary defendant" in the case. (R. 65, PageID 2357, Page 2.)

[4] The district court had considered before Erwin Oakes's motion to withdraw as counsel and had denied that motion, finding no basis for her assertion that she was a "necessary defendant." (R. 65, Page 2; PageID 2357).

not named in the most recent pleadings. So the court dismissed the case for want of prosecution. *See* Fed. R. Civ. P. 41(b).[5]

Erwin Oakes appealed this decision. She also moved for an injunction to prohibit the sale of three properties and to reinstate her notice of removal. *United States v. Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 3738 (6th Cir. Feb. 06, 2020). We found no error in the district court's dismissal of the case and denied the motion for an injunction. *Id.* She then moved for reconsideration, as well as for leave to correct the case caption, to extend time to respond to district court deadlines, and to take judicial notice. *United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 9101 (6th Cir. Mar. 23, 2020). Again, we denied her motions.[6] *Id.*

Undeterred, Erwin Oakes continued to file a series of postjudgment motions with the district court for an indicative ruling and for the court to vacate the judgment. And she even filed a Rule 59(e) motion for the district court to set aside this Court's order and reinstate her qui tam

---

[5] Erwin Oakes also filed a motion before this court seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(6) on this claim. She reiterates her argument that Michael Oakes was erroneously added as a party and argues that the order entered as a final judgment will deprive Michael of his ability to pursue his claims. (20-1067 R. 63). Michael was originally added as a plaintiff in May 2019. (R. 6). But Erwin Oakes's amended complaint in November 2019 did not include Michael. (R. 54). "The amended complaint . . . supersedes the original complaint." *NOCO Co. v. OJ Com., LLC*, 35 F.4th 475, 480 (6th Cir. 2022). Erwin Oakes does not say where the district court has improperly identified Michael as a party. And in the order of dismissal, the district court noted that he had been dismissed from the case. There does not appear to be any error. So we DENY Erwin Oakes's motion.

[6] Erwin Oakes also filed additional motions with this court, including motions to expedite its decision, to remand the case, and to hold the case in abeyance. We denied these motions. *United States ex rel. Erwin v. Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 22257, at *4 (6th Cir. July 16, 2020) (order). And she filed an emergency motion asking the court to issue a stay of the district court's judgment, as well as additional motions to hold the case in abeyance pending the district court's resolution of her various motions. We denied these motions and ordered Erwin Oakes to file her brief or risk dismissal. *United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 29276, at *4 (6th Cir. Sept. 15, 2020) (order); *United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 30760 (6th Cir. Sept. 25, 2020) (order).

action. This motion was denied because "the [district] [c]ourt has no authority to grant any such relief." (R. 107, Page 2; PageID 2915). Noting Erwin Oakes's repetitive filings and "improper conduct," the district court dismissed her motions and sanctioned her. (R. 133, Page 3; PageID 3625). And it banned her from filing further papers while her appeal remained before this court.

Erwin Oakes maintains her appeal before our court. She claims that the district court erred in dismissing her case for want of prosecution and in denying her Rule 59(e) motion.[7]

## II.

### A.

We begin with Erwin Oakes's claim that the district court erred in dismissing her case for want of prosecution. We review for abuse of discretion a district court's decision to dismiss a lawsuit for failure to prosecute. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). Still, we have recognized that dismissal "is a harsh sanction which the court should order only in extreme situations showing a 'clear record of delay or contumacious conduct by the plaintiff.'" *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614–15 (6th Cir. 1998) (citation omitted).

---

[7] Erwin Oakes filed several other appeals related to this case, which we consolidated for briefing. *United States v. Cinnaire*, Nos. 20-1067/20-1911/20-1938/20-1988/20-1989/21-1068 (6th Cir. Feb. 24, 2023). Erwin Oakes, however, filed a brief only in this case, so we dismissed the remaining claims for want of prosecution. Erwin Oakes has requested leave to supplement the record in two of those cases. This motion is DISMISSED as moot.

Erwin Oakes has also requested that we expand the record under Federal Rule of Civil Procedure 10(e) to include the 20-1911/1938/1988/1989 dockets. And she requests that our decision be expedited. "[T]he purpose of amendment under [Rule 10(e)] is to ensure that the appellate record accurately reflects the record before the District Court, not to provide this Court with new evidence not before the District Court, even if the new evidence is substantial." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003). The appellate docket to which Erwin Oakes refers does not provide this court with an accurate reflection of the record before the district court. Erwin Oakes makes no argument in her motion as to why this docket should be considered in her appeal. So we DENY the motion to expand the record and DISMISS the motion to expedite as moot.

We consider four factors in reviewing a dismissal for want of prosecution: (1) whether the party's failure to prosecute is "due to willfulness, bad faith, or fault"; (2) whether the opposing party was "prejudiced by the dismissed party's conduct"; (3) whether the district court warned the dismissed party that "failure to cooperate could lead to dismissal"; and (4) whether less severe sanctions were "imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). None of these factors is dispositive. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). But where there is a "clear record of delay or contumacious conduct," "a case is properly dismissed." *Knoll*, 176 F.3d at 363.

The first factor is the most important, particularly in cases like this, when a party engaged in "contumacious conduct." *See, e.g.*, *Knoll*, 176 F.3d at 366 ("Although review of a Rule 41(b) dismissal typically involves consideration of the remaining three factors cited earlier, their importance fades in the face of the conclusion that dismissal was warranted by contumacious conduct."); *Tarvin v. Lindamood*, No. 21-5948, 2023 WL 2592867, at *4 (6th Cir. Mar. 22, 2023) (noting the importance of the first factor in a Rule 41(b) analysis). This factor weighs strongly against Erwin Oakes. A party's conduct is motivated by bad faith, willfulness, or fault if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu*, 420 F.3d at 643 (quoting *Mulbah*, 261 F.3d at 591). We have found that the first factor weighs in favor of dismissal when a party has "repeatedly ignored discovery deadlines and warnings given by the district court." *Evans v. Liberty Ins.*, 702 F. App'x 297, 299 (6th Cir. 2017). And that's what Erwin Oakes has done. As we already noted when denying Erwin Oakes's motion for a stay, Erwin Oakes repeatedly filed frivolous and unnecessary motions, and she ignored the district court's orders to serve the defendants despite having ample opportunity to do so. *United States v. Cinnaire*, 2020 U.S. App. LEXIS 3738, at *4. Her

6

continuous delays prolonged the case for months. And she has never shown why such delay was justifiable.[8] So the first factor favors dismissal because Erwin Oakes has displayed "a clear record of delay [and] contumacious conduct." *Knoll*, 176 F.3d at 363.

The second factor weighs in Erwin Oakes's favor. We have found that a defendant is prejudiced where it "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). None of the defendants here have been served. And they have never submitted any filings in the present litigation. No evidence suggests that they have suffered financially from Erwin Oakes's delays, nor have they spent time or effort pursuing Erwin Oakes's cooperation. Regardless, we note that although there may be no defendants prejudiced here, Erwin Oakes's conduct has resulted in the unnecessary waste of judicial resources.

The third factor weighs against Erwin Oakes. Although we have reversed at times when district courts did not put parties on notice that their noncompliance could result in dismissal, Erwin Oakes was on notice. *See Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). The district court warned her not once, but twice, that her failure to serve the defendants would result in a dismissal of her case. (R. 44; R. 66). Still, she failed to do so.[9]

---

[8] Erwin Oakes claims that she understood the court's dismissal of its initial show cause order as evidence that she had good cause for not serving the defendants. In that order, the court said that Erwin Oakes's rationale for not serving process—her need to add parties—was "not particularly convincing given that there is no indication in the record that the plaintiff ever requested summonses for the originally named defendants." (R. 57, Page 2; PageID 2215). But because the court had granted Erwin Oakes leave to file an amended complaint, "an additional modest extension of the time to complete service" was warranted. (*Id.*). This is hardly evidence that the court found Erwin Oakes to have had good cause. And the court's second order to show cause, certainly made clear that it did not think so.

[9] Erwin Oakes claims that the record "reflects no indication the district court would dismiss [her] FCA suit for failure to prosecute." Appellant Br. at 29. She seems to suggest that the district court's order to show cause did not serve that function because the district court had to respond to

7

The fourth factor also supports the dismissal of Erwin Oakes's case. "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (quoting *Mulbah*, 261 F.3d at 594) (alteration omitted). And we generally treat with caution dismissals in which the district court did not consider alternative sanctions because "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible, for this court to conclude that the district court exercised its discretion with appropriate forethought." *Schafer*, 529 F.3d at 738 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368–69 (6th Cir. 1997)). But we only exercise "particular caution" in applying this factor "in the absence of contumacious conduct." *Harmon*, 110 F.3d at 368 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir.1997)).

Here, the district court explicitly acknowledged the possibility that it could, and ordinarily would, dismiss Erwin Oakes's case without prejudice under Rule 4. But in the face of two show cause orders, Erwin Oakes failed to act, which resulted in the dismissal for lack of progress. The

---

her response in order to give her adequate notice. In its order to show cause, the district court stated that:

> Ordinarily the Court must dismiss without prejudice any civil action in which service of process is not completed within 90 days after commencement of the litigation, unless upon good cause shown an extension of the time to complete service is granted. *See* Fed. R. Civ. P. 4(m). The time for completion of service in this case has long since expired, including the extension recently granted by the Court, and the relators have made no detectable effort to advance the case. The Court therefore will order the relators to show cause why the case should not be dismissed for lack of progress.

(R. 66, Page 2; PageID 2362). The district court made clear in its order to show cause that it considered Erwin Oakes's failure to serve the defendants as possible cause to dismiss her claim. No further warning was required.

court's orders show that this was not the only course of conduct that it considered.[10]  Moreover, Erwin Oakes's continuous filings and demonstrated unresponsiveness to the court's admonitions certainly qualifies as "contumacious conduct."  *Id*.  So the district court was reasonable in concluding that no other sanction would be effective.

Erwin Oakes engaged in a clear and egregious pattern of "delay [and] contumacious conduct" before the district court.  *Stough*, 138 F.3d at 614–15.  And she did so despite repeated warnings about the consequences of her behavior.  Indeed, she has continued to engage in such conduct before this court, suggesting that she remains undeterred.  So the district court did not abuse its discretion in dismissing her case.

B.

Erwin Oakes also argues that the district court erred in dismissing her motion to alter or amend the judgment.  Fed. R. Civ. P. 59(e).  "We review the denial of a Rule 59(e) motion for an abuse of discretion."  *Ventas, Inc. v. HCP, Inc.*, 647 F.3d 291, 328 (6th Cir. 2011).  A party seeking to alter or amend a judgment bears a heavier burden than one seeking to amend a complaint before judgment.  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010).  Such a motion "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted).

---

[10] We noted in our earlier order that the district court did not explicitly cite alternative sanctions in its final order dismissing the case. *Cinnaire*, No. 20-1067, 2020 U.S. App. LEXIS 3738 at *4. But the court's show cause orders make clear that the court was aware of the alternatives. And we acknowledged then, as we do now, that the dismissal of Erwin Oakes's case was reasonable given her contumacious conduct. *Id*. at *3–4.

9

And "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

On September 17, 2020, Erwin Oakes filed a 59(e) motion, requesting that the district court reinstate her qui tam action. Erwin Oakes claimed that the Sixth Circuit's orders denying her injunctive and other relief had led to conflicting judgment dates, and therefore a clear error of law. And she claimed this court erred in stating that the district court had partially remanded her case to state court, and so our orders constituted "newly discovered evidence." (R. 96, Page 8–9; PageID 2707–08).[11] She asked the court to set aside the "judgments" and reinstate her suit. (R. 96, Page 11; PageID 2710). The district court construed her petition as requesting that it set aside the orders of this court and noted that it lacked the authority to do so.

To the extent that Erwin Oakes's 59(e) motion included a request for the district court to set aside this court's orders, the district court was correct to deny it. First, there were no conflicting judgment dates—the district court's dismissal of her case was the final judgment.[12] Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."); *see also Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009) ("Under the clear language of Rule 41(b) and our court's interpretation of that

---

[11] Erwin Oakes also claimed that court officials made "fraudulent" entries on the docket. (R. 96, Page 8–9, PageID 2707–08). She has repeatedly described docket entries and other administrative record-keeping as "fraud." But she has never provided evidence to support her accusations.

[12] Erwin Oakes filed two motions before this court requesting a correction of the record under Federal Rule of Civil Procedure 60(a). And she moved to expedite the decision on the second motion. She claims that this court erred in describing the district court's prejudgment order remanding a portion of her suit to state court, and requests that we correct the order. In these motions, Erwin Oakes appears to be objecting to our characterization of her appeal of the district court's decision to remand her case as a "prejudgment" order. Because the final judgment in her case was the dismissal for want of prosecution, Erwin Oakes has identified no error for us to correct. So we DENY her motions to correct the record. And we DENY the motion to expedite as moot.

rule, the district court's decision was an adjudication on the merits and should be given preclusive effect."). Second, we did not err in stating that the district court had partially remanded her case to state court. It did precisely this in its November 4, 2019 order. Nor were our orders in any sense "newly discovered evidence" that would have changed the outcome.[13] "Newly discovered evidence for motions under Rule 59 or Rule 60(b)(2) must pertain to evidence which existed at the time of [final judgment]." *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 136 (6th Cir. 1990). By definition, our court orders issued after the dismissal of Erwin Oakes's case cannot meet this definition.

Erwin Oakes tries to reassert her claim to newfound evidence of alleged error before this court. She claims that the State of Michigan was "fraudulently" added as a Defendant in violation of Federal Rule of Civil Procedure 79 because no separate docket entry noted the addition of the party. Appellant Br. at 32–33. And she attaches a September 18, 2020 email sent by the district court's pro se administrator as evidence of when she discovered that error. That email states in relevant part:

> As discussed, defendant State of Michigan was added as a party on November 19, 2019 because summons were requested. The State of Michigan was not originally added as a defendant when your amended complaint was filed on November 11, 2019, because the incorrect event Amended Document was used instead of the Amended Complaint event. The Amended Complaint event allows parties to be terminated or added to the case where the Amended Document event does not allow parties to be added or terminated.

(*Id.* at 38).

---

[13] As the district court correctly notes, it could not have set aside our orders even if it had been so inclined. We know of no authority, and Erwin Oakes has not provided any, suggesting that a district court may "set aside" an appellate court's orders. *See In re Purdy*, 870 F.3d 436, 442 (6th Cir. 2017) ("When a superior court determines the law of the case and issues its mandate, a lower court is not free to depart from it." (citation omitted)).

Erwin Oakes named the State of Michigan as a defendant in her November 11, 2019 filing, which she labeled as an amended complaint, despite filing it incorrectly. And the State of Michigan was added as a party after Erwin Oakes requested summons and the district court issued that summons. Since Erwin Oakes herself named Michigan as a party to this case and requested that summons be served on them, Michigan was not "fraudulently" added.

At any rate, Erwin Oakes had notice that a request to serve summons on Michigan had been filed on November 19, 2019—roughly a month and a half before the district court entered its final judgment against her. And "[t]o constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). That was not the case here.

Because Erwin Oakes has not shown that she qualifies for relief under Rule 59(e), we conclude that the district court did not err in denying her motion.[14]

### III.

Erwin Oakes filed a series of motions before this court. We have already addressed several of them in the opinion, but one remains. Erwin Oakes requests that we remove the State of Michigan as a defendant. She claims that Michigan was erroneously added as a defendant because the district court's dismissal order did not list Michigan as a defendant. Erwin Oakes named Michigan as a party in a November 11, 2019 filing that purported to amend her complaint. But rather than file an "amended complaint," she incorrectly filed an "amended document." As the

---

[14] Erwin Oakes also filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2), making effectively the same arguments. For the reasons outlined above, we DENY that motion.

pro se administrator informed her, however, while an amended complaint allows parties to be added, an amended document does not.

Nevertheless, it appears that Michigan was added as a party to the case, despite the incorrect filing, because Erwin Oakes requested that a summons be issued on Michigan on November 19, 2019. The court issued that summons, though Erwin Oakes failed to serve Michigan or any other defendants. It is true that the district court's order did not list Michigan as a party. But this appears to have been a mistake.

Under Federal Rule of Civil Procedure 60(a), the trial court can correct a clerical mistake or oversight in its judgment. Because it appears that Michigan was added as a party to this case, we DENY Erwin Oakes's motion to correct the record to remove Michigan as a party. But we remand for the district court to correct the record to reflect that Michigan is a party to this action and is now dismissed.

**IV**.

For these reasons, we AFFIRM the district court's judgment. Erwin Oakes's motions are DENIED, but we REMAND for the district court to correct the record to reflect that the State of Michigan was added as a defendant.